TINGLER, APPELLEE, *v.* BUCKEYE FIREWORKS MANUFACTURING CO., INC. ET AL., APPELLANTS.

(No. 10997—Decided July 20, 1983.)

*Mr. Dennis J. Bartek,* for appellee.
*Mr. Mark H. Ludwig,* for appellants.

MAHONEY, P.J. Defendants-appellants, the Buckeye Fireworks Manufacturing Co. et al., challenge a lower court order entering default judgment in favor of Cecil J. Tingler, plaintiff-appellee, pursuant to Civ. R. 37, to sanction appellants' dilatoriness and blatant disregard for court orders and procedure. We affirm.

### Facts

We shall set forth the facts briefly at this point with a more detailed account to follow when deemed necessary to the discussion of the assignments of error raised.

On July 3, 1977, Cecil Tingler purchased an assortment of fireworks known as a "gangster kit" from the defendants. While Tingler was igniting these firewords that same evening, a "bottle rocket" exploded injuring his eye. On September 5, 1980, Tingler filed a complaint in the court below seeking compensation for his injury. The Buckeye Fireworks Manufacturing Company, Inc., Buckeye Fireworks Mfg., Inc., Buckeye Fireworks and Novelty Company, Inc., and Midwest Fireworks Manufacturing Co. were named as defendants. The complaint was served on attorney Leland D. Cole as statutory agent for the corporations.

On August 24, 1982, the court permitted Tingler to amend his complaint by adding Lawrence Lomaz as a defendant and alleging that Lomaz was the alter ego of the corporate defendants. Lomaz answered on August 30, denying the court's personal and subject matter jurisdiction.

After numerous problems with defendants' failure to respond to plaintiff's discovery requests, the court, on September 24, 1982, ordered Lomaz to appear at Tingler's attorney's office for the purpose of taking a deposition. The court also ordered Lomaz to produce the previously requested documents and warned him that failure to comply with the court's order would result in default judgment for plaintiff. Lomaz failed to appropriately respond. On November 10, 1982 the court entered default judgment against all defendants on the liability issue. On December 7, the court heard evidence on the damage issue and awarded Tingler $35,000.

### Law and Discussion

As a preliminary matter, appellants have asked this court to strike certain exhibits and references thereto from appellee's brief. We agree that said exhibits are not a part of the record properly

before us pursuant to App. R. 9. We sustain appellants' motion to strike.

## Assignment of Error I

"Appellants claim error because the trial court denied Buckeye's motion for summary judgment upon the limitations defense."

Tingler's complaint predicates liability on three theories, namely, negligence, strict tort liability and breach of implied and express warranties. Clearly, negligence and strict liability sound in tort and are barred by the two-year statute of limitations imposed by R.C. 2305.10. However, the action based on breach of warranties is governed by the four-year statute of limitations contained in R.C. 1302.98, provided plaintiff can show privity between himself and defendants. *U.S. Fidelity & Guaranty Co.* v. *Truck & Concrete Equip. Co.* (1970), 21 Ohio St. 2d 244 [50 O.O.2d 480]; and *Lee* v. *Wright Tool & Forge Co.* (1975), 48 Ohio App. 2d 148 [2 O.O.3d 115].

In response to defendants' motion for summary judgment, Tingler filed an affidavit stating that he had personally purchased the injurious "bottle rocket" from the defendant corporations. Defendants did not controvert this evidence. Thus, the trial court properly concluded that R.C. 1302.98 applies and refused to issue a summary judgment.

## Assignment of Error II

"Appellants claim error because the trial court granted plaintiff leave to file an amended complaint adding a new party defendant and an additional claim for relief."

Civ. R. 15(A) permits a party upon leave of the court to amend his pleading after a responsive pleading has been served. The rule requires the court to freely permit amendment when justice so requires. Thus, granting leave to amend is within the discretion of the trial court. Appellants have not demonstrated any injustice caused by plaintiff's amendment. We find no abuse of discretion.

Civ. R. 15(C) provides in pertinent part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. * * *"

Tingler's amended complaint adds Lomaz as a defendant and alleges that, at the time of the sale, Lomaz was the alter ego of the defendant corporations and should be held personally liable for Tingler's injuries. Obviously, the amended claim arose from the same transaction set forth in the original pleading, namely, the sale of the injurious "bottle rocket."

Lomaz's answers to Tingler's interrogatories indicate that Buckeye Fireworks and Novelty Company, Inc. was engaged in the manufacture and/or sale of fireworks on July 3, 1977, and that Lomaz was the corporation's statutory agent. Further, Lomaz stated that he was the President of Buckeye Fireworks Manufacturing Company, Inc. and the principal shareholder of Midwest Fireworks Manufacturing Co. Thus, we believe he had adequate notice of both the original and the amended complaints. Further, the record indicates that Lomaz purposely concealed his involvement and relationship with the defendant corporations by failing to produce the records as ordered, thereby causing plaintiff's

mistake concerning his identity as a proper party. Clearly, he knew or should have known that but for his own obfuscatory conduct the action would have been brought against him personally.

### Assignment of Error III

"Appellants claim error because the trial court allowed default judgments:

"(a) Against Buckeye as a discovery sanction for failure to produce documents; and

"(b) Against Lomaz for failure to answer or otherwise appear."

In its judgment entry filed November 10, 1982, the trial court stated:

"* * * Upon application of plaintiff for default judgment against Buckeye Fireworks Manufacturing Co., Inc. A/K/A Buckeye Fireworks and Novelty Co., Inc. inter alia, the court finds defendant failed to comply with previous orders of this court and specifically failed to comply with the court's order of September 24, 1982, wherein defendant was advised that failure to comply would result in a judgment of default in favor of the plaintiff.

"Upon the application of plaintiff for default judgment against defendant Larry D. Lomaz, the court finds that said defendant is in default of answer or appearance and finds the allegations set forth in the amended complaint are confessed by defendant to be true."

The corporate defendants contend that default judgment is too severe a sanction to impose for failure to comply with the court's order to produce documents. We do not agree.

Civ. R. 37 provides in relevant part:

"(B) Failure to comply with order.

"(1) If a deponent fails to be sworn or to answer a question after being directed to do so by the court, the failure may be considered a contempt of that court.

"(2) If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

"(a) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(b) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

"(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; * * *"

Thus, the trial court can choose among a variety of sanctions to enforce compliance with its orders and to permit the parties to prepare their cases without unfair surprise providing that the chosen sanction is not unduly harsh or unreasonable.

We agree with the court in *Reese* v. *Proppe* (1981), 3 Ohio App. 3d 103, 107, which stated:

"We are of the view that it is unreasonable for a court to make an order which impedes a defendant's ability to fully defend at trial against the allegations raised by the plaintiff. The very premise of our legal system is the proof of truth in order to justly resolve disputes. Except in cases of serious transgressions by a party which indicate the party's complete disregard for court procedures designed to produce the imminent resolution of a lawsuit, a court is generally limited to holding a party who disregards its order in contempt or imposing some other reasonable sanction. * * *"

However, the record in the instant case reveals the defendants' continual defiance of the trial court's orders by refusing to provide the discovery materials crucial to plaintiff's case.

In November 1980, plaintiff served interrogatories on the corporate defendants which did not answer plaintiff's questions until March 1981. In September 1981, plaintiff asked defendants to produce certain corporate records crucial to his case. Defendants did not do so. Plaintiff then moved for an order compelling production. Defendants did not oppose the motion or in any way indicate appropriate reasons for their failure to produce. On February 17, 1982, the court ordered that the documents be produced. Still, defendants did not produce. Nor did defendants appear on August 30, 1982 to be deposed by plaintiff.

On September 13, 1982, plaintiff asked the court to sanction defendants' failure to comply with the court's order by entering default judgment. Defendants filed no response. On September 24, 1982, the court again ordered the defendants to produce the corporate records and specifically ordered Lomaz to appear at the law offices of plaintiff's attorneys for the purpose of giving a deposition. The September 24 order clearly states that, should defendants fail to comply, a default judgment would be entered in favor of plaintiff.

Lomaz was physically present in the office as ordered. However, he flatly refused to produce the documents. His answers to plaintiff's questions were so evasive and incomplete as to constitute a failure to answer pursuant to Civ. R. 37(A)(3). He was threatening and abusive to Tingler's attorneys and left the office before the deposition was completed. We must agree with the trial court's finding that, although physically present for a brief period of time, Lomaz, individually and as the corporations' agent, in effect violated the September 24 order. The trial court concluded:

"* * * At this time the court would further note for the record that in the 29 years I had been a lawyer and actively engaged in the practice of law, I have never seen a litigant who so blatantly avoided any discovery in a lawsuit and, further, who ignored the orders of the court with respect to discovery as Mr. Lomaz has done on behalf of himself and the corporations which he apparently owns and operates. * * *"

We must agree with Lomaz's contention that the portion of November 10 order stating that he had failed to answer or appear is in error. However, the lower court's confusion is understandable in light of the various pleadings filed by Cole and Ludwig on behalf of the various defendants. According to some of the pleadings, defendant Lomaz is appearing only to contest personal jurisdiction. Others state that a particular corporate defendant is appearing then refers to "defendants" generally. Lomaz now contends that "defendants" included himself. When asked in open court whether he was appearing for Lomaz, Ludwig equivocated until the judge insisted on a definite answer. He then replied he was appearing for all defendants.

Although default judgment should not have been granted against Lomaz for the reasons stated by the trial court, the record contains ample evidence of Lomaz's dilatory tactics and his complete disregard for court procedure. Thus, we affirm the judgment against the corporate defendants and Lomaz personally for repeated failure to comply with the court's orders.

### Assignment of Error IV

"Appellants claim error because the trial court awarded excessive damages, after a non-jury hearing, without presentation of clearly available expert medical testimony."

In *Darnell* v. *Eastman* (1970), 23 Ohio St. 2d 13 [52 O.O.2d 76], the Supreme Court held:

"Except as to questions of cause and

effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration of the jury."

Tingler testified that before the "bottle rocket" exploded in his face, he did not have any eye problems. After the rocket exploded, his eye was damaged. Certainly the cause and effect of an exploding firework is common knowledge. Medical testimony is not needed to determine that the exploding rocket caused Tingler's eye injury.

Tingler also testified that he suffered intense pain for a time after the explosion and continues to have periodic pain and discomfort. His vision has been impaired. His depth perception is distorted. He can no longer perform his duties as a tire mold finisher and has been forced to obtain less remunerative employment. The medical reports indicate that the impairment is permanent. Thus, we do not find the damage award to be excessive.

We overrule appellants' assignments of error. The judgment is affirmed.

*Judgment affirmed.*

GEORGE and HOFSTETTER, JJ., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.