OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Appellant Corrie A. Watts, filed February 4, 2005. Ms. Watts, during the relevant time period, was the Executive Director of the Dayton View Community Development Corporation ("DVCDC"). DVCDC contracted with Appellee Dayton Modulars, Inc., ("Dayton Modulars") to build four modular homes on specified City of Dayton lots. The City of Dayton committed federal funds provided by the United States Department of Housing and Urban Development to partially finance the project, forwarding $50,000.00 in response to a draw request from Ms. Watts. Ms. Watts then misappropriated the funds for unauthorized purposes instead of paying Dayton Modulars.
 {¶ 1} Dayton Modulars filed a complaint against ten defendants on January 9, 2004. Against Ms. Watts, Dayton Modulars stated a cause of action for fraud. The court granted Ms. Watts an extension of time to answer or otherwise plead in response to the complaint. Ms. Watts filed a Motion for a More Definite Statement and a Motion to Dismiss Plaintiff's Nineteenth Cause of Action, which were later overruled. She did not file an Answer. Ms. Watts failed to timely respond to a set of written discovery, and, when she failed to respond to two letters requesting compliance, Dayton Modulars filed a motion to compel; Ms. Watts did not respond and the trial court granted the motion to compel, issuing an order. When Ms. Watts failed again to timely provide discovery responses pursuant to the order, Dayton Modulars filed a motion for default judgment and a motion for sanctions. The day before a hearing on the motion for default, Ms. Watts sought a continuance to respond to the motion for default judgment. The trial court referred the matter to the Magistrate, scheduling a hearing in 21 days to determine Ms. Watts' compliance with the discovery order. Ms. Watts did not appear at the hearing. Later that day, she filed her interrogatory responses. The trial court found Ms. Watts to be in default pursuant to Civ.R. 37 and scheduled a damages hearing. At the hearing, the court found Ms. Watts in default for failing to file an answer as well. The trial court also found that Ms. Watts personally received $38,537.70 from DVCDC, and that Dayton Modulars was entitled to compensatory damages in that amount. The court also awarded Dayton Modulars punitive damages in an identical amount, finding that "the misappropriation of federal HOME funds by Ms. Watts is particularly egregious."
 {¶ 2} We note initially Ms. Watts' failure to comply with App.R.16(A)(3), which provides that the brief of appellant shall include "a statement of the assignments of error presented for review." Ms. Watts' brief contains a section entitled "Argument," set forth in relevant part as follows:
 {¶ 3} "I. The Trial Court Abused its Discretion in Granting Plaintiff's Motion for Default Judgment Based on Defendant's Alleged Failure to Respond to Discovery or Comply with the Court Order * *
 {¶ 4} "B. The Defendant's Alleged Failure to Comply with Discovery was Neither Willful Nor in Bad Faith
 {¶ 5} "C. The Defendant Made Efforts to Comply with the Court Order
 {¶ 6} "D. The Trial Court's Sanction was Overly Harsh
 {¶ 7} "E. The Default Judgment Entered Against Defendant for Allegedly Failing to Answer the Complaint Does Not Comply With Civil Rule 55"
 {¶ 8} We will address the default judgment entered pursuant to Civ. R. 37 first, and then the finding of default entered pursuant to Civ. R. 55.
 I {¶ 9} Civ. R. 37 provides that "if any party * * * fails to obey an order to provide * * * discovery, * * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others, the following: * * * rendering a judgment by default against the disobedient party." "[T]he granting of a default judgment requires the due process guarantee of prior notice," including those entered for failure to comply with discovery orders. Haddad v. English
(2001), 145 Ohio App.3d 598, 603-04. Also, "the granting of a default judgment, analogous to the granting of a dismissal, is a harsh remedy that should be imposed only when `the actions of the faulting party create a presumption of willfulness or bad faith.'" Id.
 {¶ 10} "It is exclusively within the trial court's discretion to determine the particular sanction to be imposed for the particular infraction committed. The appropriateness of the choice is reviewable to the extent an abuse may have occurred in the exercise of the trial court's discretion in the selection of the sanction. Thus, the trial court must consider the posture of the case and what efforts, if any, preceded the noncompliance and then balance the severity of the violation against the degree of possible sanctions, selecting that sanction which is most appropriate. In deciding, the trial court should look to several factors: the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate." Goodyear Tire Rubber Co.V. Russo (1987), 36 Ohio App.3d 175,178, 521 N.E.2d 1116.
 {¶ 11} We agree with the court in the case upon which Ms. Watts relies, which stated: "`We are of the view that it is unreasonable for a court to make an order which impedes a defendant's ability to defend at trial against the allegations raised by the plaintiff. The very premise of our legal system is the proof of truth in order to justly resolve disputes. Except in cases of serious transgressions by a party which indicate the party's complete disregard for court procedures designed to produce the imminent resolution of a lawsuit, a court is generally limited to holding a party who disregards its order in contempt or imposing some other reasonable sanction.'" Tingler v. Buckeye Fireworks Mfg. Co.
(1983), 12 Ohio App.3d 58, 60, (affirming the trial court's entry of default judgment for continued failure to comply with the trial court's discovery orders) (internal citations omitted).
 {¶ 12} "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." Yocum v. Means (July 26, 2002), Darke App. No 1576. A litigant proceeding pro se "cannot expect or demand special treatment from the judge, who is to sit an in impartial arbiter." Id. (internal citations omitted.)
 {¶ 13} Dayton Modulars filed its motion for sanctions and default judgment on August 23, 2004, and on September 10, 2004, the trial court issued a Notice of Hearing on Dayton Modulars' motion for October 1, 2004. The Notice provided that "Corrie Watts is cautioned that failure to comply with the Court's previous order regarding discovery or failure to attend the aforementioned hearing may result in a default judgment being rendered against her or other sanctions." Ms. Watts filed a motion for continuance on September 30, 2004. The trial court referred the matter to the Magistrate for hearing on the default, to occur October 22, 2004. In a Revised Entry of October 27th, the trial court found that Ms. Watts' failure to respond to Dayton Modulars' discovery request, Ms. Watts' failure to respond to subsequent letters from Dayton Modulars relating to the discovery requests, Ms. Watts' failure to respond to Dayton Modualrs' motion to compel, and Ms. Watts' failure to comply with the discovery order were willful and in bad faith, warranting the sanction of default.
 {¶ 14} We agree. Ms. Watts had numerous opportunities to comply with the discovery requests and the discovery order, and she failed to do so. While she argues that she was unable to hire an attorney to represent her, she did not advise Dayton Modulars or the court of this problem. Her untimely filing of her interrogatory responses, on the day of the hearing, the date of which had already been extended three weeks, belies a genuine effort on her part to comply. Accordingly, the trial court did not abuse its discretion in finding her disregard of deadlines and failure to appear to be willful and in bad faith, warranting the sanction of default.
 II {¶ 15} Ms. Watts also argues that the default judgment the trial court entered does not comply with Civ.R.55, which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply * * * to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary * * * to determine the amount of damages * * * the court may conduct such hearings * * * as it deems necessary and proper." A party appears in an action when that party "clearly expresses to the opposing party an intention and purpose to defend the suit, regardless of whether a formal filing is made."Miamisburg Motel v. Huntington National Bank (1993), 88 Ohio App.3d 117,126. We review a trial court's grant of a default judgment pursuant to Civ.R. 55 under an abuse of discretion standard. Huffer v. Cicero
(1995), 107 Ohio App.3d 65, 74.
 {¶ 16} In its Entry following the damages hearing, the trial court noted that, "[i]n addition to the entry granting the default judgment on sanctions based upon Ohio Rule 37, this Court finds * * * Corrie Watts in default for failing to have answered Plaintiff's Complaint." The court noted that it overruled Ms. Watts' Motion for a More Definite Statement on September 10, 2004, and that it overruled Ms. Watts' Motion to Dismiss Plaintiff's 19th Cause of Action on September 17, 2004. While the trial court did not comply with the notice requirements of Civ.R. 55, any such error is harmless given the proper default judgment entered against Ms. Watts pursuant to Civ.R. 37.
 {¶ 17} Ms. Watts' assignments of error are overruled, and the judgment of the trial court is affirmed.
Fain, J. and Grady J., concur.