OPINION
{¶ 1} Allstate Insurance Company ("Allstate") appeals from an order of the Dayton Municipal Court, which granted the motion of Robert Hunt, Jr., ("Hunt") to vacate a default judgment or for relief from judgment, pursuant to Civ.R. 60(B).
 {¶ 2} On December 18, 2003, Allstate brought suit against Hunt, asserting claims for subrogation which arose out of an automobile accident between Hunt and Diane Ogden, Allstate's insured. An amended complaint was subsequently filed. Attempts to serve Hunt by certified mail failed. Service of process was perfected by regular mail on March 8, 2004. The next day, Hunt contacted Allstate to discuss the complaint; however, Hunt did not file an answer. Consequently, on July 22, 2004, Allstate moved for and obtained a default judgment against Hunt in the amount of $3,716.52 plus interest.
 {¶ 1} On December 9, 2004, Hunt filed a motion for relief from judgment, pursuant to Civ.R. 60(B). A brief hearing on the motion was held on February 7, 2005. On February 22, 2005, the court granted Hunt's motion.
 {¶ 2} Allstate appeals, raising two assignments of error, which we will address together.
 {¶ 3} I. "THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION TO SET ASIDE THE JUDGMENT BECAUSE DEFENDANT/APPELLEE FAILED TO DEMONSTRATE EXCUSABLE NEGLECT."
 {¶ 4} II. "THE TRIAL COURT ERRED, WHEN IT GRANTED DEFENDANT/APPELLEE'S MOTION TO SET ASIDE JUDGMENT, BY NOT HOLDING A DEFAULT MOTION HEARING ON THE DAMAGES."
 {¶ 5} Allstate claims that the trial court erred when it granted Hunt's motion for relief from judgment. It asserts that Hunt failed to demonstrate excusable neglect, in accordance with Civ.R. 60(B)(1), and that Civ.R. 55 was inapplicable because Hunt failed to appear in the action. Alternatively, in the event that we find that Hunt had appeared in the action, Allstate requests that we remand the action for a default hearing on damages.
 {¶ 6} Civ.R. 60(B) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 7} "To prevail on [a] motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec.,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph 2 of syllabus; Covert Options, Inc. v.R.L. Young Assocs., Inc., Montgomery App. No. 20011,2004-Ohio-67, ¶ 7. All three elements must be established, and "the test is not fulfilled if any one of the requirements is not met." Strack v. Pelton (1994), 70 Ohio St.3d 172, 174, 1994-Ohio-107, 637 N.E.2d 914; Fifth Third Bank of W. Ohio v.Shepard Grain Co., Inc., Miami App. No. 2003 CA 40,2004-Ohio-1816, ¶ 10.
 {¶ 8} In vacating the default judgment, the trial court found that a meritorious defense may exist and that the motion was filed in a timely manner. The court further stated: "The issue of Defendant's excusable neglect for failing to file his answer is a close call. The court is unimpressed by Defendant's excuse of `moving' and that he `lost the paperwork.' However, given that Plaintiff and Defendant had discussed the case after service was made, a default judgment hearing should have been set rather than default judgment being granted the same day the motion was filed."
 {¶ 9} We review the trial court's decision for abuse of discretion. Id.; Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122. The term "abuse of discretion" connotes more than a mere error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 10} On appeal, Allstate primarily challenges the trial court's alleged determination that Hunt had demonstrated excusable neglect. The trial court, however, was expressly "unimpressed" with Hunt's assertion that there was excusable neglect. Rather, it vacated the default judgment because the judgment had been issued without a default judgment hearing, pursuant to Civ.R. 55.
 {¶ 11} Civ.R. 55 provides, in pertinent part:
 {¶ 12} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *"
 {¶ 13} A party appears in an action for purposes of Civ.R. 55(A) when that party "clearly expresses to the opposing party an intention and purpose to defend the suit, regardless of whether a formal filing is made." Miamisburg Motel v. Huntington Natl.Bank (1993), 88 Ohio App.3d 117, 126, 623 N.E.2d 163; DaytonModulars, Inc. v. Dayton View Community Dev. Corp., Montgomery App. No. 20894, 2005-Ohio-6257, ¶ 15. Relying upon AMCAInternatl. Corp. v. Carlton (1984), 10 Ohio St.3d 88,461 N.E.2d 1282, we have stated that "a party, or his counsel, who is aware of a communication by the opposing party in which that party has expressed a clear purpose to defend the suit has a duty to inform the trial court of this fact when seeking a default judgment against that party, and has an obligation under Civ.R. 55(A) to inform that party that application for a default judgment has been made." Miamisburg Motel, 88 Ohio App.3d at 127.
 {¶ 14} "[W]here a party alleges that it appeared in the action otherwise than by a filing and was thus entitled to notice of the application of default judgment, the proper avenue for relief from judgment is a timely Civ.R. 60(B)(5) motion." Id. at 124. Thus, if Hunt should have received notice of the default judgment, pursuant to Civ.R. 55(A), the trial court properly found that Hunt was entitled to relief under one of the grounds permitted by Civ.R. 60(B) — namely Civ.R. 60(B)(5) — and Hunt need not have established excusable neglect under Civ.R. 60(B)(1).
 {¶ 15} Here, Hunt's counsel, Steven Herman, informed the court at the hearing on Hunt's Civ.R. 60(B) motion that Hunt had contacted Allstate's counsel on March 9, 2004, to discuss the complaint and the allegations against him. Herman indicated that Hunt had communicated to Allstate that he was disputing Ogden's claims. As evidence of this telephone call, Hunt pointed to the affidavit of James Peters, attorney for Allstate, which was attached to Allstate's memorandum in opposition to Hunt's Civ.R. 60(B) motion. In that affidavit, Peters stated that Hunt had contacted him on March 9, 2004, and had indicated that he (Hunt) was upset regarding the lawsuit and that "Ms. Ogden was trying to get rich at his expense." Peters further stated that he had informed Hunt that he should engage counsel or contact his insurance carrier. At the hearing, Allstate agreed that this conversation took place.
 {¶ 16} The trial court was thus presented with evidence that Hunt had contacted Allstate regarding the lawsuit after being served with the complaint and that Hunt had expressed to Allstate that he was disputing the merits of Ogden's claim. In light of this evidence, we cannot conclude that the trial court abused its discretion when it implicitly concluded that Hunt had appeared in the action, despite the lack of a formal filing with the court, and was entitled to a hearing on the motion for a default judgment. See Miamisburg Motel, supra (Brogan, J.) (trial court made error of law when it found that the defendant had not made an appearance within the meaning of Civ.R. 55(A) when, although no formal filings were made, defendant's counsel telephoned plaintiff's counsel, expressed an intent to defend the suit, and requested an extension of time to answer the complaint). Moreover, because a failure to comply with Civ.R. 55(A) constitutes a basis for relief under Civ.R. 60(B)(5), the trial court did not abuse its discretion when it determined that all three of the elements under GTE Automatic had been met and that Hunt's Civ.R. 60(B) motion had merit.
 {¶ 17} Given that we have concluded that the trial court did not abuse its discretion in finding that Hunt had appeared in the action within the meaning of Civ.R. 55(A), Allstate requests that we remand the action for a default hearing on damages. Because the trial court has vacated the default judgment against Hunt, a hearing on damages is inappropriate. Rather, at this juncture, Hunt should file an answer to Allstate's complaint and the litigation should proceed as if no default judgment had been entered.
 {¶ 18} The assignments of error are overruled.
 {¶ 19} The judgment of the trial court will be affirmed.
Brogan, J., concurs.