OPINION
{¶ 1} Appellant, Danette J. Ludlow, timely appeals the Geauga County Court of Common Pleas decision which overruled appellant's objections to a previous magistrate's decision. For the reasons that follow, we affirm.
 {¶ 2} Appellant sets forth the following assignments of error for our review:
 {¶ 3} "[1] THE TRIAL COURT ERRED IN DISMISSING APPELLANT/WIFE'S OBJECTIONS.
 {¶ 4} "[2] THE TRIAL COURT ERRED IN FAILING TO PROPERLY ADDRESS THE CIVIL RULE 60(B) MOTION AND TO GRANT THE RELIEF REQUESTED THEREIN.
 {¶ 5} "[3.] THE TRIAL COURT ERRED IN IGNORING THE PARTIES' SOCIAL SECURITY BENEFITS.
 {¶ 6} "[4] THE TRIAL COURT ERRED IN FAILING TO ATTACH A VALUE TO ALL OF THE PARTIES' ASSETS, DEBTS AND OBLIGATIONS."
 {¶ 7} We will address appellant's first two assignments of error together. On December 20, 2005, the magistrate rendered a decision wherein the parties were issued a decree of divorce, a division of property was made and parental rights were allocated. On December 28, 2005, appellant filed 42 fairly specific objections to the magistrate's decision along with a separate request for a transcript of the proceedings. Appellant also filed a request for emergency relief and an expedited hearing based on the magistrate's decision. On January 6, 2006, appellee objected to appellant's request for the emergency relief and hearing.
 {¶ 8} The trial court adopted the magistrate's decision on January 11, 2006. The trial court overruled appellant's objections because she failed to file a transcript or a request for additional time to file a transcript. The trial court stated:
 {¶ 9} "On December 28, 2005, Wife filed objections to the Magistrate's Decision. In effect, Wife essentially wants the entire case reheard. She also filed a Request for a transcript of the proceedings.
 {¶ 10} "Wife's objections are as to the Magistrate's factual findings. Civil Rule 53(E) requires such objections to be accompanied by a transcript of the proceedings.
 {¶ 11} "No extension of time to file the transcript or to supplement her objections with a copy of the transcript has been filed.
 {¶ 12} "* * *
 {¶ 13} "The case law demonstrates that in circumstances where a party needs additional time to procure a transcript the proper procedure is to timely request an extension of time or leave to supplement the objections with a transcript when available. (Citations omitted). Although in this case Wife requested a transcript, she failed to request leave or an extension of time to supplement her objections. The objections are hereby overruled."
 {¶ 14} Appellant acknowledged the transcript deficiency when she filed her written objections. She stated in part: "[a]ll proceedings were recorded and the transcript of proceedings is being ordered and will be submitted to the Court upon receipt thereof for consideration with the Objections." Appellant further stated within the objection, "Movant will supplement these Objections with the transcript upon receipt of the same." Appellant filed a request for the transcript on the same day as her objections.
 {¶ 15} Appellee also acknowledged that the transcript was expected to be forthcoming in his objection to appellant's request for emergency relief. Appellee stated in his objection, "[t]he Court is required to review the transcript before ruling on any objection. * * * Consistent with the [sic] Rule 53, Plaintiff anticipates that a transcript will be prepared at a later date and submitted for this Court's fund of knowledge in ruling on Defendant's objections."
 {¶ 16} The trial court relied on two decisions issued by this court in rendering its decision that appellant's inability to provide the transcript or her failure to request leave to provide the transcript was fatal to her objections; In Re Anderson, 11th Dist. No. 2004-T-0059,2004-Ohio-5298 and In Re Goff, 11th Dist. No. 2004-A-0051,2004-Ohio-7235. We find these cases distinguishable from the case sub judice. Both appellate decisions cited involved the rules of juvenile procedure; not civil procedure. Civ. R. 53 is the appropriate statutory authority for objections to a magistrate's decision in the underlying case; not Juv. R. 40.[1]
 {¶ 17} Civ. R. 53(E)(3)(c) provides in relevant part: "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."[2]
Appellant timely filed her objection and advised the court of her intention to supplement the record with the transcripts that had been ordered. "Although this rule clearly states that a transcript or an affidavit of the evidence must accompany a party's objections to a magistrate's decision, the rule does not establish a time within which the objecting party must file such evidence." Shull v. Shull (1999),135 Ohio App.3d 708, 710.
 {¶ 18} Appellant indicated she had ordered the transcripts and would supplement the same upon receipt thereof. However, this does not relieve appellant of her duty to provide the court with the record or, more appropriately to the underlying case, to request an extension if one is needed.
 {¶ 19} A hearing was scheduled for January 20, 2006.[3] The trial court issued its decision overruling appellant's objections on January 11, 2006. Prior to the hearing date or an otherwise articulated deadline, it was not appropriate for the trial court to overrule appellant's objections due to the lack of a filed transcript. Id., accord, Laughlin v. Schriner, 7th Dist. No. 02-CA-55, 2002-Ohio-5234, at ¶ 22. "* * *[I]f the objecting party does not file a transcript at all before the hearing date to consider the objections, the trial court may adopt the magistrate's findings without further consideration."Cunnane-Gygli v. MacDougal, 11th Dist. No. 2004-G-2597, 2005-Ohio-3258, at ¶ 17. In the underlying case, the decision preceded the hearing date. Absent any other formal deadline provided by the trial court, it was inappropriate to impose upon appellant the burden to file the transcripts in advance of the scheduled hearing.[4]
 {¶ 20} However, this does not conclude our analysis. Although we disagree with the methodology of the trial court at the early juncture, its decision is not necessarily faulty when viewed in conjunction with the motion to vacate and appellant's second assignment of error. For even after the January 11, 2006 decision and even after appellant filed her motion to vacate that judgment entry, appellant still failed to file a request for an extension to file the transcripts. The trial court could not have given a bigger clue in its judgment entry as to the proper procedural course to follow, yet appellant simply sat back and waited for the transcripts to be completed rather than filing a request for an extension or even referencing the same through her motion to vacate. In fact, appellant did not file the transcripts until February 10, 2006, three days after the trial court denied her motion to vacate the January 11, 2006 judgment entry.
 {¶ 21} Although we do not agree with the trial court that the transcripts needed to be filed simultaneously with the objections, a request for an extension when the transcripts are not available prior to the hearing date is the proper course of action to take. Appellant failed to act accordingly despite the trial court's admonition. Had appellant filed the transcripts after the initial judgment entry and prior to filing her motion for relief from judgment, our analysis would be different.
 {¶ 22} Appellant filed her motion for relief from the January 11, 2006 judgment entry on January 20, 2006. She did not request an extension of time to file the transcripts. Appellant's motion for relief from judgment asserted that the trial court erred in dismissing the objections due to the lack of a transcript.
 {¶ 23} Civ. R. 60(B) is an equitable remedy that is intended to afford relief in the interest of justice. To prevail on a motion pursuant to Civ. R. 60(B), the movant must demonstrate: "* * *(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, at paragraph two of the syllabus. These requirements are conjunctive; not disjunctive. Id. at 151.
 {¶ 24} The appellate standard of review following a decision on a Civ. R. 60(B) motion is whether the trial court abused its discretion. Id. at 148. An abuse of discretion is more than an error in judgment or law. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217, 219. It implies that the trial court was unreasonable, arbitrary or unconscionable. Id.
 {¶ 25} Appellant's motion was made less than twelve days after the trial court's judgment entry adopting the magistrate's decision. We believe this is a reasonable time frame. Appellant asserted in her motion for relief that the trial court erred in ruling so hastily on the objections without the opportunity for appellant to provide the transcripts. The trial court did not find that the failure to file the request was inadvertence, mistake or excusable neglect. Due to appellant's failure to file the transcripts or a request for an extension of time to do so even following the trial court's initial decision to adopt the magistrate's ruling, we cannot say that the trial court abused its discretion in denying appellant's motion for relief from judgment.
 {¶ 26} Furthermore, appellant's continued failure to file the transcripts or an extension request limited the trial court's review. If appellant's motion had been granted, the trial court still was without the necessary transcripts to provide a full review of the objections raised by appellant.
 {¶ 27} Appellant's first and second assignments of error are without merit.
 {¶ 28} Appellant's third assignment of error challenges the trial court for ignoring the parties' social security benefits when dividing the marital assets.
 {¶ 29} We are precluded in our review from examining the trial transcripts since the same was not available to the trial court at the time of its decision on appellant's motion for relief from judgment. See, MacDougal, supra, at ¶¶ 13-14. A review of the magistrate's decision confirms appellant's position that the magistrate, and hence the trial court, failed to acknowledge the social security benefits in writing when making the marital property distributions. However, we are unable to ascertain whether or not this issue was even argued before the court.
 {¶ 30} The Ohio Supreme Court first addressed the consideration of social security benefits for the purposes of making an equitable distribution of marital assets in Neville v. Neville, 99 Ohio St.3d 275,2003-Ohio-3624. In Neville, the court held that "* * * a trial court, in seeking to make an equitable distribution of marital property,may consider the parties' future Social Security benefits in relation to all marital assets." Id. at ¶ 4. (Emphasis added). The court did not impose an absolute obligation on domestic courts to conduct a social security audit.
 {¶ 31} There is no mention of future social security benefit disparity between the parties as a contested issue in appellant's trial statement filed with the trial court on August 29, 2005. However, appellant did file a motion for modification of temporary orders/motion for new orders and motion for contempt on September 26, 2005. In this motion, appellant requested that the court order an evaluation of the social security benefits and pension to be paid for by appellee. For cause, appellant stated that due to the dynamics of the parties' marital relationship and working histories that a Neville consideration was warranted.
 {¶ 32} The magistrate addressed appellant's motion in the December 20, 2005 decision. Although the court did not specifically identify the parties' likely social security benefits or set forth a Neville
comparison, the magistrate did explicitly deny appellant's motion for modification.
 {¶ 33} As previously indicated, we are constrained in our review and are unable to refer to the transcripts of the proceedings. However, there is no evidence in the record available to this court to indicate that appellant sufficiently presented enough information for aNeville consideration. Appellant did not identify any social security documents in her list of exhibits filed with the trial court on November 28, 2005. The failure to present sufficient information to conduct aNeville analysis is the peril of appellant. See, Thompson v.Thompson, 1st Dist. No. C-050578, 2006-Ohio-2623, at ¶ 26. It is not the duty of the court to arm itself with information which should be supplied by the participants of the legal action.
 {¶ 34} We cannot be certain that appellant did not present sufficient information which would require a Neville analysis. However, we are confined to the four corners of the magistrate's decision and therefore must conclude there was no abuse of discretion in denying appellant's motion for relief from judgment.
 {¶ 35} Appellant's third assignment of error is without merit.
 {¶ 36} Appellant also claims through her fourth assignment of error that the trial court erred in failing to properly attach values to the parties' assets and liabilities. Appellant makes general accusations that the magistrate's decision failed to properly assign these values yet provides no specific examples.
 {¶ 37} A review of the magistrate's decision renders appellant's assignment of error without merit. The decision properly assigned values to the parties' income, the vehicles, the 401(k) and the delineated debts. We find no deficiency in the trial court's pronouncement of marital assets and liabilities.
 {¶ 38} Appellant's fourth assignment of error is without merit.
 {¶ 39} For the reasons stated in the Opinion of this court, it is the judgment and order of this court that the judgment of the Geauga Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, J., COLLEEN MARY OTOOLE, J., concur.
[1] Juv. R. 40(D)(3)(b)(iii) has since been amended and now allows for the transcript to be filed within thirty days after the filing of the objection.
[2] This provision of the civil rules was modified in July 2006. The rule now provides through Civ. R. 53(D)(3)(b)(iii) that "[t]he objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time * * *."
[3] It is not clear from the record the intended nature of this hearing. However, the notice immediately followed appellant's objections to the magistrate's decision.
[4] According to an affidavit attached to appellant's motion to vacate, the transcripts would have been available on or immediately before the day of the hearing, thus providing appellant with the required documentation for the trial court to review.