OPINION
{¶ 1} QualChoice, Inc., appeals from the judgment of the Trumbull County Court of Common Pleas, granting Kristal Baumgartner relief from a prior entry of default judgment against her. We affirm.
 {¶ 2} October 13, 2005, QualChoice filed its complaint against Ms. Baumgartner, as assignee and subrogee of its insured, Andrea Alden, for medical expenses allegedly arising from an altercation between Ms. Baumgartner and Ms. Alden. October 18, 2005, the Trumbull County Clerk of Courts issued service of *Page 2 
summons and the complaint by certified mail. The certified mail was endorsed and accepted by Ms. Baumgartner October 25, 2005.
 {¶ 3} December 5, 2005, Ms. Baumgartner having failed to answer the complaint, QualChoice moved for default judgment. The trial court's docket indicates hearing on the motion was set December 12, 2005, for December 28, 2005. By affidavit filed later in conjunction with her motion for relief from judgment, Ms. Baumgartner testified she came to court December 28, 2005 for the hearing, but was informed by the trial court's bailiff the hearing would not go forward that day. After discussing the matter with QualChoice's counsel, Ms. Baumgartner then left court, assuming the default hearing would be rescheduled.
 {¶ 4} That same day, the trial court entered default judgment in favor of QualChoice, in the amount of its prayer, plus interest and costs.
 {¶ 5} Ms. Baumgartner retained counsel, who filed an answer on her behalf January 5, 2006. On March 23, 2007, Ms. Baumgartner moved the trial court to vacate the default judgment entered in favor of QualChoice, pursuant to Civ.R. 60(B)(5). Ms. Baumgartner argued that, pursuant to Civ.R. 55(A), she had appeared in the action prior to the entry of default judgment against her, and was entitled to notice of the application for default judgment and a hearing. QualChoice opposed Ms. Baumgartner's motion; and, hearing was held. July 17, 2007, the trial court filed its judgment entry, vacating its prior grant of default judgment to QualChoice; granting Ms. Baumgartner leave to file her answer, instanter; and returning the case to its active docket.
 {¶ 6} QualChoice timely noticed this appeal, assigning one error: *Page 3 
 {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION TO SET ASIDE THE JUDGMENT BECAUSE DEFENDANT/APPELLEE FAILED TO APPEAR IN THE CASE PRIOR TO THE TIME PLAINTIFF/APPELLANT FILED ITS MOTION FOR DEFAULT JUDGMENT, AND WAS NOT ENTITLED TO RELIEF UNDER CIV.R. 60(B)(5)."[1]
 {¶ 8} The decision to set aside a default judgment is governed by Civ.R. 60(B). Civ.R. 55(B). We review a trial court's decision to grant or deny a Civ.R. 60(B) motion for abuse of discretion. Ludlow v.Ludlow, 11th Dist. No. 2006-G-2686, 2006-Ohio-6864, at ¶ 24. An abuse of discretion is no mere error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Rather, the phrase connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Id. Therefore, "abuse of discretion" describes a judgment neither comporting with the record, nor reason. See, e.g., State v.Ferranto (1925), 112 Ohio St. 667, 676-678.
 {¶ 9} Civ.R. 60(B) provides, in pertinent part:
 {¶ 10} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the *Page 4 
judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
 {¶ 11} "Civ.R. 60(B) is an equitable remedy that is intended to afford relief in the interest of justice. To prevail on a motion pursuant to Civ.R. 60(B), the movant must demonstrate: `(* * *) (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time (* * *).' GTE Automatic Electric, Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146 * * *, at paragraph two of the syllabus. These requirements are conjunctive; not disjunctive. Id. at 151."Ludlow, supra, at ¶ 23. (Parallel citation omitted.)
 {¶ 12} In the trial court, Ms. Baumgartner, cited to the second sentence of Civ.R. 55(A), and cases construing it, in support of her Civ.R. 60(B)(5) motion. The second sentence of Civ.R. 55(A) states: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." As we noted above, the record indicates QualChoice never noticed its application for default judgment prior to the hearing to Ms. Baumgartner. Pursuant to Civ.R. 55(A), the party moving for default judgment bears the burden of notifying the opposing party. Courts have held that a party appearing in a default proceeding may obtain relief from judgment pursuant to Civ.R. 60(B)(5), on a failure of the requisite notice of application and hearing pursuant to Civ.R. 55(A). Allstate Ins. Co. v. Hunt, 2d Dist. No. 20991, 2006-Ohio-238, at ¶ 14. *Page 5 
 {¶ 13} In response, QualChoice, both in the trial court and on appeal, argues that Ms. Baumgartner never "appeared" in the case, as the term is used in Civ.R. 55(A). Consequently, QualChoice maintains it was not required to notice the default hearing to Ms. Baumgartner.
 {¶ 14} Default judgment is a disfavored procedure. Therefore, in the main, Ohio courts have interpreted the requirement that a party to be held in default must have "appeared" in the case, in order to be entitled to notice of the default hearing, with extreme liberality. Essentially, a party has appeared, for purposes of Civ.R. 55(A), if it has had any contact, however informal, indicating it intends to defend the suit, with the party moving for default judgment. See, e.g,Rocha v. Salsbury, 6th Dist. No. F-05-014, 2006-Ohio-2615, at ¶ 19-20
(collecting cases).
 {¶ 15} In this case, Ms. Baumgartner did not "appear" in the case prior to QualChoice's filing of its application for default judgment. Thus, QualChoice was not required to notice its application to her. But she did appear for the actual default hearing. Under these circumstances, we believe she was entitled to relief from the default judgment, pursuant to Civ.R. 60(B)(5).
 {¶ 16} "The `catch-all' language of Civ.R. 60(B)(5) reflects `the inherent power of a court to relieve a person from the unjust operation of a judgment.' State ex. rel Gyursik v. Angelotta (1977),50 Ohio St.2d 345, 346 * * *. It is not a substitute for the enumerated grounds for relief from judgment, and substantial grounds must be present to vacate a judgment under Civ.R. 60(B)(5). Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64 * * *, paragraphs one and two of the syllabus." Ross v.Shively, 9th Dist. No. 23719, 2007-Ohio-5118, at ¶ 6. (Parallel citations omitted.) *Page 6 
 {¶ 17} Civ.R. 60(B)(5) is to be used most sparingly. Cf. Rothman v.Lehman (Feb. 16, 1994), 1st Dist. No. C-920940, 1994 Ohio App. LEXIS 528, at 4. However, its application to this case is justified. It appears Ms. Baumgartner can set forth a meritorious defense to the underlying action. Attached to her motion for relief are her affidavit, and other materials, indicating the altercation between herself and QualChoice's insured, Ms. Alden, was provoked by the latter, and that Ms. Baumgartner acted in self-defense when inflicting the injuries giving rise to Ms. Alden's medical treatment. If the December 28, 2005 default hearing had gone forward, Ms. Baumgartner would have been able to present this matter to the trial court. In cancelling the hearing, then entering judgment that same day, the trial court deprived itself of the opportunity to consider this defense. Under the circumstances, we cannot find an abuse of discretion in the learned trial court's conclusion it would be unjust for the default judgment to operate against Ms. Baumgartner.
 {¶ 18} Thus, Ms. Baumgartner meets the first two prongs of theGTE test: she has set forth a meritorious defense, and she qualifies for relief under a subdivision of Civ.R. 60(B). The only remaining issue is timeliness. A Civ.R. 60(B)(5) motion must be made within a reasonable time, but "does not specify what qualifies as a reasonable time."Zwahlen v. Brown, 1st Dist. No. C-070263, 2008-Ohio-151, at ¶ 21. In this case, Ms. Baumgartner waited fifteen months to file her motion for relief from judgment — a very long time, indeed. However, "[c]ourts should liberally interpret Civ.R. 60(B)(5) motions so that cases are disposed of on their merits." Id., citing Colley v. Bazell (1980),64 Ohio St.2d 243, 248. Courts have been particularly generous interpreting the time limits for Civ.R. 60(B)(5) motions where, as in this case, the moving party has *Page 7 
made some attempt to comply with the requirements of the law. Thus, inZwahlen, the First District affirmed the trial court's grant of a Civ.R. 60(B)(5) motion made two years following entry of judgment, where the movant's objections to a magistrate's decision were misfiled, and the movant claimed not to have received her copy of the trial court's subsequent grant of default judgment. Id. at ¶ 8, 10, 21-22. Similarly, in this case, even though she failed to answer QualChoice's complaint, Ms. Baumgartner actually came to the default hearing. Under the totality of the circumstances, we cannot say the trial court's determination Ms. Baumgartner moved for relief within a reasonable time is an abuse of discretion.
 {¶ 19} The assignment of error is without merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.
 {¶ 20} It is the further order of this court that QualChoice is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur.
[1] Ms. Baumgartner has not filed a brief on appeal. *Page 1