[Cite as *Block v. Battaglia*, 2018-Ohio-4380.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| KIM M. BLOCK, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **Case No. 2017-G-0135** |
| GREG BATTAGLIA, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2013 CVE 585.

Judgment: Affirmed.

*Dennis P. Levin*, Landerbrook Corporate Center, 5910 Landerbrook Drive, Suite 200, Cleveland, OH 44124 (For Plaintiff-Appellee).

*Victor A. Mezacapa, III*, Licata & Toerek, 4500 Rockside Road, Suite 420, Independence, OH 44131 (For Defendant-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1} Greg Battaglia appeals from the judgment of the Chardon Municipal Court, denying his second motion for relief from judgment pursuant to Civ.R. 60(B). Finding the matter is barred by res judicata, we affirm.

{¶2} Mr. Battaglia was involved in a property line dispute with his neighbor, Kim M. Block in Bainbridge, Ohio. On or about August 13, 2013, Ms. Block filed a complaint with the trial court, alleging Mr. Battaglia had assaulted her August 16, 2012, and injured

her.  October 17, 2013, Mr. Battaglia answered, and counterclaimed, alleging that Ms. Block had trespassed on his property, and assaulted him.

{¶3}   January 16, 2014, Ms. Block's counsel served interrogatories and a request for production on Mr. Battaglia's former counsel.  February 21, 2014, Mr. Battaglia's former counsel requested, and received, a 15-day extension of time to respond.  Nothing was forthcoming, so, March 12, 2014, Ms. Block's counsel sent a demand letter to Mr. Battaglia's former counsel, providing that if responses to the discovery were not received by March 14, 2014, a motion to compel and for attorney fees would be filed.

{¶4}   March 13, 2014, Mr. Battaglia's former counsel contacted Ms. Block's counsel, and informed him he would meet with Mr. Battaglia the next day, and obtain the requested discovery.  On or about March 14, 2014, Mr. Battaglia's former counsel contacted Ms. Block's counsel, and said the meeting with his client had been changed to March 17, 2014.

{¶5}   March 26, 2014, Ms. Block's counsel received a motion to withdraw from Mr. Battaglia's former counsel, as well as the trial court's order granting the motion.  March 27, 2014, Ms. Block's counsel moved to compel production.  March 28, 2014, the trial court granted the motion to compel, and gave Mr. Battaglia ten days to produce the discovery requested.

{¶6}   April 10, 2014, Ms. Block's counsel moved for sanctions pursuant to Civ.R. 37(B)(2). April 21, 2014, present counsel for Mr. Battaglia noticed his appearance, and moved for extensions of time to respond to the discovery request, and respond to the motion for sanctions.  April 24, 2014, the trial court denied the motion for an extension of

time to respond to the discovery requests, but granted Mr. Battaglia's counsel ten days to respond to the motion for sanctions.

{¶7} June 11, 2014, the motion for sanctions was granted. The trial court ordered Mr. Battaglia's counterclaim dismissed. It further ordered that he not be allowed to defend against Ms. Block's, and granted Ms. Block default judgment.

{¶8} August 14, 2014, hearing on damages was held before the trial court's magistrate. August 21, 2014, the magistrate issued his decision, granting Ms. Block compensatory and punitive damages, and attorney fees. No objections were filed, so the trial court adopted the decision September 8, 2014.

{¶9} October 10, 2014, Mr. Battaglia's counsel filed a motion to vacate the default judgment with the trial court, and a notice of appeal with this court. December 22, 2014, we dismissed the appeal as untimely filed. January 5, 2016, the trial court denied the motion to vacate. Mr. Battaglia did not appeal.

{¶10} August 7, 2017, Mr. Battaglia filed a second motion to vacate. Ms. Block opposed. The trial court denied the motion August 23, 2017, and Mr. Battaglia noticed this appeal September 20, 2017, assigning two errors. The first reads:

{¶11} "The trial court erred in failing to conduct a hearing in which Mr. Battaglia could participate on the default judgment, as appellant Gregory Battaglia would have had an opportunity to demonstrate at a hearing (1) that he had a meritorious defense to the liability claims that were being alleged by Ms. Block (2) that Mr. Battaglia was unable to retrieve the discovery he had given to his retained counsel and therefore was unable to produce the documents requested by counsel for Ms. Block."

3

{¶12}  Under this assignment of error Mr. Battaglia notes that default judgment is a disfavored procedure, and argues that his failure to make discovery was not willful, but the result of the inaction of his first counsel.

{¶13}  The second assignment of error reads: "The trial court erred in denying Mr. Battaglia's motion for relief from judgment."  Under this assignment of error, Mr. Battaglia again argues that his failure to make discovery was not willful; that he had a meritorious defense; that Ms. Block's testimony contradicts what she told the police about the underlying incident; and the failure by his first counsel to provide discovery was excusable neglect under Civ.R. 60(B).

{¶14}  We review a trial court's decision to grant or deny a motion for relief from judgment for abuse of discretion.  *QualChoice, Inc. v. Baumgartner*, 11th Dist. Trumbull No. 2007-T-0086, 2008-Ohio-1023, ¶8, citing *Ludlow v. Ludlow*, 11th Dist. Geauga No. 2006-G-2686, 2006-Ohio-6864, ¶24.  Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record.  *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925).  An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶15}  In *Baumgartner*, *supra*, at ¶9-11, we stated:

{¶16}  "Civ.R. 60(B) provides, in pertinent part:

{¶17}  "'On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered

4

evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. (* * *)'"

{¶18} "'Civ.R. 60(B) is an equitable remedy that is intended to afford relief in the interest of justice.  To prevail on a motion pursuant to Civ.R. 60(B), the movant must demonstrate: "(* * *)(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time (* * *)." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146 (* ----), * * *, at paragraph two of the syllabus.  These requirements are conjunctive; not disjunctive. *Id.* at 151, 351 N.E.2d 113.' *Ludlow,* supra, at ¶ 23. (Parallel citation omitted.)"

{¶19} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶20} All of the issues presented by Mr. Battaglia in this appeal were evident at the time of his initial appeal. A Civ.R. 60(B) motion is no substitute for appeal, but must present issues which could not be considered in an appeal of the underlying judgment. *Beechler v. Beechler*, 95 Ohio App.3d 121, 125 (12th Dist.1994). Consequently, the assignments of error are barred by res judicata.

{¶21} The assignments of error lack merit.

{¶22} The judgment of the Chardon Municipal Court is affirmed.


THOMAS R. WRIGHT, P.J., concurs in judgment only,

TIMOTHY P. CANNON, J., concurs in judgment only with a Concurring Opinion.


_____


TIMOTHY P. CANNON, J., concurring in judgment only.

{¶23} I agree the trial court did not abuse its discretion in denying appellant's Civ.R. 60 (B) motion for relief from judgment. However, I would not cite as authority a criminal case applying the doctrine of res judicata in support of the trial court's decision and this court's opinion on appeal. While the trial court did not specify the reason for denying the motion, it was not filed timely and on that basis alone should have been denied.