OPINION
{¶ 1} Appellants, John Siegel and Kathy Siegel ("Siegels"), appeal the July 16, 2003 judgment entry of the Common Pleas Court of Shelby County holding that the Siegels failed to appear in the matter for purposes of Civ.R. 55(A) and the Siegels were not entitled to relief of the default judgment granted in favor of appellees, Holthaus Elevator, Inc. ("Holthaus"). Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).
 {¶ 2} In 1996, Holthaus, an Ohio corporation, entered into a lease with the Siegels, a married couple, for the operation of a business establishment in Fort Loramie, Ohio. In addition, Holthaus entered into an oral agreement to sell the Siegels certain personal property, including a Plymouth Voyager van, a Ford XLT pickup truck, a Ford straight truck with bulk bed, and a goose neck livestock trailer. At the time this oral agreement was entered into by the parties, the Siegels were doing business as "Fort Loramie Mills." The Siegels agreed to pay $18,000 for the personal property and Holthaus delivered possession and title of the property to the Siegels. The Siegels made payments for the personal property in the total amount of $2,000.
 {¶ 3} The Siegels became incorporated under the name "Fort Loramie Mills, Inc." in 1997. Holthaus and Fort Loramie Mills subsequently entered into a new lease agreement in 1998. This 1998 lease is not at issue in this case and Fort Loramie Mills is not a party to the case as the agreement out of which the debt arose occurred prior to the incorporation of Fort Loramie Mills.
 {¶ 4} On February 7, 2003, Holthaus filed a complaint for collection of a debt against the Siegels in the Common Pleas Court of Shelby County. The debt Holthaus sought to collect was the remaining balance of the purchase price of the personal property sold to the Siegels. The Siegels failed to file an answer or file in any other way a responsive pleading to defend the lawsuit.
 {¶ 5} The Siegels did send a letter to Holthaus' counsel dated February 10, 2003. The letter was a response to a collection letter previously mailed to and received by the Siegels prior to the filing of the complaint by Holthaus. The record shows that the Siegels were not served with a copy of the complaint and summons filed by Holthaus until February 25, 2003, which is fifteen days after the date on the letter. In the letter the Siegels admit to owing money to Holthaus, although the Siegels dispute the amount. After being served with a copy of the complaint and summons, the Siegels called counsel for Holthaus to inquire why the lawsuit had been filed in spite of the letter from the Siegels dated February 10, 2003. Holthaus' attorney acknowledged receiving the letter but said that it had already been taken into consideration.
 {¶ 6} On March 31, 2003, Holthaus filed a motion for default judgment and a copy of the motion was served to the Siegels. The Siegels failed to respond and default judgment was granted in favor of Holthaus on March 31, 2003. On May 1, 2003, the Siegels filed an affidavit and motion for a judgment debtor examination. On the same day the court scheduled the debtor examination for May 30, 2003, which was rescheduled for June 6, 2003 at the request of the parties. The Siegels then filed a motion for relief from the judgment on June 24, 2003. The trial court denied the Siegels' motion for relief from judgment on July 16, 2003. It is from this judgment that the Siegels now appeal, asserting the following two assignments of error.
The trial court erred to the prejudice of Siegels in rulingthat the Siegels failed to make an appearance for the purposes ofOhio Civil Rule 55(A), thereby depriving Siegels of writtennotice seven days prior to the hearing on Holthaus ElevatorInc.'s application for default judgment.
 The trial court erred to the prejudice of Siegels in denyingSiegels' request pursuant to Ohio Civil Rule 60(B) for relieffrom the default judgment awarded to Holthaus Elevator, Inc.
 {¶ 7} The first assignment of error presented by the Siegels is overruled on the authority of Hyway Logistics Services, Inc.v. Ashcraft, 3d Dist. No. 5-99-40, 2000-Ohio-1620, 2000 WL 123794, in which this court held that communications made prior to the commencement of a lawsuit do not satisfy the appearance requirement of Civ.R. 55(A). In addition, this court held that the telephone communication by defendant to plaintiff's counsel gave no indication that the defendant "intended to enter a formal appearance in the lawsuit, nor in any way intended to present a defense as to the lawsuit." Id. at *4.
 {¶ 8} While the term "appearance" is generally understood to "impl[y] some sort of presentation or submission to the court in which the action is pending," the term is also reasonably construed to apply to informal correspondence between parties or the court as well, as long as the purpose of the communication is to show an intent to defend the lawsuit. Id. at *2. In this case, the Siegels assert that the letter dated February 10, 2003 was an "appearance" on their part to defend the lawsuit; however, the record does not support this assertion. The letter was not a response to the complaint filed by Holthaus. As the trial court noted, the Siegels were not even served with the complaint and summons filed by Holthaus until February 25, 2003, which is fifteen days after the date on the letter. The letter sent by the Siegels was a response to a prior communication made by Holthaus in an attempt to collect a debt. The Siegels do not refer to the lawsuit in their letter nor do they claim they are not the proper party responsible for the debt. The Siegels only dispute the amount owed to Holthaus, indicating that the amount owed was offset by improvements the Siegels made to Holthaus' facility. In fact, the Siegels indicated in the letter that they intended to make payments to Holthaus. Furthermore, the telephone conversation between the Seigels and Holthaus' counsel did not indicate a belief on the part of the Siegels that they were not liable for the debt and did not show a manifestation of intent to defend the lawsuit.
 {¶ 9} We conclude that the trial court did not err in finding that the Siegels had not made an "appearance" for purposes of Civ.R. 55 and were, therefore, not entitled to the seven day notice requirement before default judgment was granted. Accordingly, the first assignment of error is overruled.
 {¶ 10} The second assignment of error presented for review by the Siegels is also overruled on the ground that the Siegels failed to meet the requirements of Civ.R. 60(B). In order to prevail on their motion for relief from judgment, under Civ.R. 60(B), the Siegels were required to demonstrate that: (1) they had a meritorious defense if the judgment were to be vacated; (2) they were entitled to relief under at least one of the five grounds stated in Civ.R. 60(B); and (3) the motion to vacate was filed within the time permitted by the rule. Gruber Printing,Inc. v. Ideal Products Services, Inc. (Jan. 20, 1982), 1st Dist. No. C-810406, unreported, 1982 WL 8425, citing GTEAutomatic Elec., Inc. v. ARC Industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113. The grounds for relief provided in Civ.R. 60(B) include: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged; and (5) any other reason justifying relief from the judgment.
 {¶ 11} The Siegels assert that they have a meritorious defense of not being the proper party against whom this action was brought. The Siegels further claim that they are entitled to relief from the judgment under the "excusable neglect" provision of Civ.R. 60(B)(1). The record does not support either of these assertions. Regarding the Siegels' claim that the parties to the oral agreement at issue in this case were Holthaus and Fort Laramie Mills, Inc., the record reveals that at the time the agreement was entered into, the Siegels were only doing business as Fort Loramie Mills and that Fort Loramie Mills was not incorporated. The certificates of title provided in the record show that the transfers of the property from Holthaus to Fort Loramie Mills occurred in 1996 and 1997, prior to the incorporation of Fort Loramie Mills in September, 1997. Since the Siegels were doing business as Fort Loramie Mills at the time in which the oral agreement and transfers of property took place, the Siegels are personally liable for the debt that occurred as a result of the agreement. Therefore, the Siegels have failed to show that they have a meritorious defense in this case.
 {¶ 12} With regard to the Siegels' claim that they are entitled to relief from the judgment because of their "excusable neglect," the Siegels have failed to prove that their neglect in filing a responsive pleading in this action was excusable. The record does not support the assertion that the Siegels took prudent and reasonable measures to respond to the complaint filed by Holthaus within a reasonable period of time. The letter sent to Holthaus' counsel concerning the debt was not sent in response to the complaint; in fact, the letter was sent fifteen days before the Siegels were served with the complaint by Holthaus. Furthermore, the Siegels did not file an answer with the court at any later date, even after receiving notice of Holthaus' application for default judgment, and did not file their motion for relief from judgment until almost three months after the court granted the default judgment. Finally, the communications the Siegels had with Holthaus and its counsel did not show an intent on the part of the Siegels to defend the case, as the Siegels acknowledged they owed a debt and intended to pay it. Therefore, the trial court was within its discretion in determining that the neglect on the part of the Siegels was not excusable. Accordingly, the second assignment of error is overruled.
 {¶ 13} Having found no merit with the Siegels' assignments of error, we affirm the judgment of the Common Pleas Court of Shelby County.
Judgment affirmed.
Shaw and Knepper, JJ., concur.
Richard W. Knepper, J., of the Sixth Appellate District, sitting by assignment in the Third District Court of Appeals.