OPINION
{¶ 1} This is a foreclosure case. A sheriff's sale of the subject property, a condominium in Saybrook Township, Ashtabula, Ohio, took place on April 22, 2002. Twenty-three months later, appellants, Mark Gruber and Linda Gruber (collectively referred to as "the Grubers"), filed a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court denied their motion. The Grubers have timely appealed the judgment entry denying their motion for relief from judgment. We affirm the judgment entry of the trial court.
 {¶ 2} A chronology of events will assist in the review of this matter. The significant events are as follows:
 {¶ 3} January 2, 2001: The Grubers execute a mortgage deed to unit number 1111, Saybrook Beach Club Condominium, in favor of David C. French ("French"), to secure a promissory note in the principal amount of $92,500. The note calls for eight payments of five hundred dollars each, commencing February 1, 2001; and a ninth balloon payment due October 1, 2001, consisting of the principal balance due plus accrued interest.
 {¶ 4} The February, March, April, and May 2001 payments were made. No payments were made for June 2001 and thereafter.
 {¶ 5} July 20, 2001: French files for foreclosure, alleging the note is in default for more than thirty days.
 {¶ 6} January 14, 2002: summary judgment is entered in favor of Saybrook Beach Club Condominium Association with respect to its maintenance fees.
 {¶ 7} April 22, 2002: The subject property is sold at sheriff's sale. French is the buyer, he bids in at $76,000.
 {¶ 8} June 19, 2002: The order of confirmation of sale is filed; a deficiency judgment is awarded to French.
 {¶ 9} January 30, 2003: An order staying proceedings is filed, due to bankruptcy filing by the Grubers.
 {¶ 10} March 9, 2004: The Grubers file a motion for relief from judgment.
 {¶ 11} January 26, 2005: The trial court issues a judgment entry denying the Grubers motion for relief from judgment.
 {¶ 12} February 24, 2005: The Grubers file a notice of appeal to this court.
 {¶ 13} Also named as parties in the foreclosure case were the Saybrook Beach Club Condominium Association and the Ashtabula County Treasurer. They have not participated in the appeal to this court.
 {¶ 14} The Grubers have presented a single assignment of error to this court:
 {¶ 15} "The trial court erred to the prejudice of defendants-appellants by failing to grant relief from judgment."
 {¶ 16} "[A] motion to vacate a judgment pursuant to Rule 60(B) is addressed to the sound discretion of the trial court."[1] Therefore, our standard of review determines whether the trial court has committed an abuse of discretion.[2]
 {¶ 17} The Grubers argue that the facts in support of their assignment of error are: the June 2001 payment was tendered to French, but refused; French did not make a proper accounting to the Grubers for the payments that were made; and, that a judgment was entered by the trial court during the time a bankruptcy stay was in place. The Grubers also argue that French committed acts of breach of fiduciary duty, breach of contract, civil conspiracy, and negligent misrepresentation, as well as violating the Truth in Lending Act, the Home Equity Protection Act, and the Real Estate Settlement Procedures Act.
 {¶ 18} A preliminary matter must be resolved before we can proceed with our analysis. It is not clear from which judgment entry of the trial court Gruber is seeking relief. Not counting the judgment entry overruling their motion for relief from judgment and two judgment entries entering summary judgment against them, there were two other judgment entries that were adverse to them. They were the judgment entry of June 19, 2002, establishing the priority of liens and judgment reflecting amount due to French, in which the trial court awarded French a deficiency judgment in the amount of $27,844.31 plus interest at eight percent from April 22, 2002; and the other judgment entry, also dated June 19, 2002, confirming the sale that took place on April 22, 2002.
 {¶ 19} If the Grubers were seeking relief from the judgment entry confirming sale of the subject property, they should have asserted those allegations in a timely filed appeal pursuant to App.R. 4(A). That rule sets forth the time requirements for filing a notice of appeal. In a civil case, a party has thirty days within which to perfect his appeal.[3] In this case, the Grubers are out of time in regard to the judgment entry confirming sale. "A Civ.R. 60(B) motion does not extend the time for filing an appeal and may not be used as a substitute for a timely appeal."[4] In addition, there is no subject matter jurisdiction in this court to review those matters inasmuch as the property had been sold twenty-three months prior to the date the Grubers filed their motion.[5]
 {¶ 20} The other judgment entry of June 19, 2002, entering a deficiency judgment of $27,844.31 plus interest at eight percent from April 22, 2002, was a judgment entry that was subject to vacation of judgment because the trial court could exercise subject matter jurisdiction with respect to the deficiency judgment. However, the Grubers must have been able to show that they had a meritorious claim or defense; that they were entitled to relief under one of the five grounds in Civ.R. 60(B); and that their motion was made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), it is not more than one year after judgment is entered.[6] The Grubers' motion for relief from judgment falls short on all three prongs of the GTE Automatic Electric test.
 {¶ 21} With regard to the first prong of the GTE AutomaticElectric v. ARC Industries test, that being the presentation of a meritorious claim or defense, the trial court stated as follows:
 {¶ 22} "While the defendants have sworn to the statements made in the motion and supporting memorandum, the motion for relief from judgment is not accompanied by any factual affidavit, document, or even a discussion of the facts addressing the merits of the defense sought to be asserted, or the evidence that would be adduced in support of it. Although a party seeking relief from judgment is not required to support its motion with evidentiary materials, the motion must include more than bare allegations that the party is entitled to relief."
 {¶ 23} The Grubers' allegations in support of their motion for relief from judgment were as follows:
 {¶ 24} "Moving Defendants state that payments were tendered to the Plaintiff to make the account current. The payments that were tendered by the Defendants were refused by the Plaintiff. Further, the moving defendants state that the plaintiff was not owed the amount that he collected from the sale of the subject real estate because he did not make proper accountings to the moving defendants."
 {¶ 25} We agree with the trial court that these statements amount to bare allegations that the Grubers were entitled to relief. They need to do more than assert bare allegations.[7] Though the burden was on the Grubers to allege operative facts that would constitute a meritorious defense if found to be true,[8] the Grubers failed to provide such facts to the trial court sufficient to demonstrate a meritorious claim or defense. "The movant must establish the above requirements by operative facts presented in a form that meets evidentiary standards such as affidavits, depositions, transcripts of evidence, written stipulations or other evidence given under oath."[9] The Grubers provided no such documentation or evidence in support of their motion. As stated by the Supreme Court of Ohio, the trial court needs to be enlightened as to why the motion for relief from judgment should be granted:
 {¶ 26} "It is true that neither Civ.R. 60(B) itself nor any decision from this court has required the movant to submit evidence, in the form of affidavits or otherwise, in support of the motion, although such evidence is certainly advisable in most cases. But the least that can be required of the movant is to enlighten the court as to why relief should be granted. The burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality."[10]
 {¶ 27} Nor have the Grubers established, pursuant to the second prong of the GTE Automatic Electric test, a basis for relief from judgment under one of the five grounds in Civ.R. 60(B). The Grubers argue that they are entitled to relief under grounds (1) and (5) of Civ.R. 60(B); and specifically, that they have defenses available to them now which they were not able to raise previously due to lack of funds to hire counsel to defend them in the trial court. However, they are time-barred from seeking relief under Civ.R. 60(B)(1), because their motion was filed more than one year after the judgment entry from which they are seeking relief.[11] As for relief under the catch-all provision of Civ.R. 60(B)(5) ("any other reason justifying relief from the judgment"), their argument rings hollow because, as stated by the trial court, "[t]he record reflects that [the Grubers were], in fact, represented by counsel, who did assert some of the same defenses they now claim they were unable to assert." The Grubers fail on this prong of the GTE AutomaticElectric test.
 {¶ 28} With respect to the third and final prong of the GTEAutomatic Electric test, that being that the motion is filed within a reasonable time, the Grubers argue that their motion for relief from judgment was timely, because it was filed "prior to the final resolution of the matter before the court." This court is at a loss to know what "matters" were still open for "final resolution" on March 9, 2004, when the Grubers filed their motion for relief from judgment. The sale of the property had already taken place twenty-three months prior; and the deficiency judgment and confirmation of sale were reduced to judgment entry twenty-one months prior. The record does not indicate that any matters remained open for resolution or adjudication on March 9, 2004.
 {¶ 29} We are also confused by the Grubers' argument that the trial court entered a judgment entry at the time a bankruptcy stay was in place. The record shows that the two adverse judgments entered against the Grubers were entered more than seven months prior to the trial court staying proceedings due to the Grubers' bankruptcy. The only document reflecting a bankruptcy filing is a photocopy of a Chapter 13 petition filed in the United States Bankruptcy Court on January 21, 2003, which was seven months after the two adverse judgment entries were filed in the trial court. There is nothing in the record to indicate that the Grubers were still in bankruptcy on January 26, 2005, when the trial court entered judgment denying their motion for relief from judgment. We hold that the Grubers' motion was not timely filed.
 {¶ 30} The Grubers' assignment of error is without merit.
 {¶ 31} The judgment of the trial court is affirmed.
Grendell, J., Rice, J., concur.
[1] Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 12.
[2] Id. at 12-14.
[3] App.R. 4(A).
[4] (Citation omitted.) Countrywide Home Loans v. Barclay,
10th Dist. No. 04AP-171, 2004-Ohio-6359, at ¶ 5.
[5] See id.
[6] GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
[7] Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20.
[8] Colley v. Bazell (1980), 64 Ohio St.2d 243, 247, fn. 3.
[9] Countrywide Home Loans v. Barclay, supra, at ¶ 9.
[10] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20-21.
[11] GTE Automatic Electric v. ARC Industries,47 Ohio St.2d 146, paragraph two of the syllabus.