DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Fulton County Court, Western District, wherein appellant's motion for relief from judgment was denied. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} On April 8, 2005, appellee, Juvencio Rocha, filed a complaint against appellant, Scott Salsbury, d/b/a Glass City Sales, alleging breach of contract. Specifically, appellee alleged that he gave appellant a cashier's check in the amount of $8,000 for the purchase of a mobile home. Appellant was to hold the check pending final approval of the purchase. The purchase was not approved. Appellee alleged that appellant has since wrongfully withheld the $8,000 check from appellee.
 {¶ 3} On May 17, 2005, appellee filed a motion for default judgment stating that appellant had failed to plead or otherwise defend himself against the April 8 complaint. On May 17, 2005, the court granted appellee's motion and awarded him damages in the amount of $8000.
 {¶ 4} On May 19, 2005, appellant mailed to appellee and filed with the court his response to appellee's complaint. Appellant stated that he was not the real party in interest as he is merely an employee of Glass City Sales. The trial judge responded to appellant with a letter explaining that appellant's response could not be considered in that it was untimely. The trial judge recommended that appellant contact an attorney.
 {¶ 5} On June 20, 2005, appellant, through an attorney, filed a "Civ.R. 60(B) motion for relief from default judgment." Appellant claimed he had a meritorious defense in that he was acting as an agent for Royal Homes Inc. Appellant supported his motion with an affidavit in which he averred as follows. In October 2003, appellant was employed as an agent with Royal Homes Inc. On October 24, 2003, appellee signed a contract offer with Royal Homes for the purchase of a mobile home and land. The real estate was owned by Dan Navotny. Appellee provided a check to appellant, as an agent, to deliver to Navotny. Appellant delivered the check to Navotny. Currently, he is employed by Glass City Sales and he has no ownership interest in the company. Appellant supplemented his motion with a copy of the Royal Homes purchase agreement and a copy of a cashier's check listing Navotny as payee and appellee as payor.
 {¶ 6} Appellant also sought relief from judgment based on the fact that he never received notice of appellee's motion for default judgment. Appellant asserted that he received a copy of appellee's April 8 complaint. On April 18, 2005, he called the law office of appellee's attorney and explained to a receptionist that he was not the real party in interest with regard to appellee's complaint. Appellant asked to have appellee's attorney return his call. Appellee's attorney never contacted him. Frustrated, appellant filed his May 19 "response" and mailed a copy to appellee's attorney. On May 20, 2005, he received the judgment against him. Appellant never received notice of appellee's motion for default judgment. Appellant sought relief on the theory that his attempts to contact appellee's attorney constituted an appearance under Civ.R. 55(A) and, therefore, he was entitled to receive notice of the application for judgment at least seven days before the motion hearing.
 {¶ 7} In a memorandum in opposition, appellee acknowledged that appellant had attempted contact. Appellee, however, noted that appellant and his attorney never spoke and that appellant never left a message indicating he had a defense against appellee's complaint. As such, appellee alleged, appellant's telephone calls did not amount to an "appearance" meriting notice of appellee's default judgment motion.
 {¶ 8} On August 12, 2005, the trial court issued a decision denying appellant's motion on the basis that appellant did not timely appear or defend against the complaint and was therefore not entitled to notice. Appellant now appeals setting forth the following assignments of error:
 {¶ 9} "I. The trial court erred in granting a default judgment on May 17, 2005, two days before the May 19, 2005 deadline for defendant filing a response to plaintiff's complaint with the trial court.
 {¶ 10} "II. The trial court erred in granting a default judgment on May 17, 2005, two days before the May 19, 2005 deadline for defendant filing a response to plaintiff's complaint with the trial court.
 {¶ 11} "III. The trial court erred and abused its discretion in denying defendant's Civ.R. 60(B) motion for relief from judgment."
 {¶ 12} Appellant's assignments of error will be addressed together. Civ.R. 60(B) reads as follows:
 {¶ 13} "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.
 {¶ 14} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation." (Emphasis added.)
 {¶ 15} A trial court may set aside a judgment by default in accordance with Civ.R. 60(B). "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. Each prong of the three pronged test must be satisfied before Civ.R. 60(B) relief can be granted. Id. A trial court's decision on a motion for relief from judgment should not be reversed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
 {¶ 16} First, appellant contends that appellee brought suit against the wrong party and that this fact is a meritorious defense under Civ.R. 60(B). We agree. See Manson v. Guerny
(1989), 62 Ohio App.3d 290, 293. See, also, Morgan Adhesives v.Sonicor Instrument (1995), 107 Ohio App.3d 327, 334.
 {¶ 17} As for the second prong of the test, we find that appellant is entitled to relief on the grounds of excusable neglect. That is, appellant's neglect in failing to file a timely response to appellee's complaint is excusable. The inquiry regarding inexcusable versus excusable neglect must of necessity take into consideration all the surrounding facts and circumstances. Vantage Homes, Inc. v. Dailey (Apr. 5, 2002), 2d Dist. No. 2001-CA-49, 2002-Ohio-1818. Such circumstances include the lapse of time between the last day for the filing of a timely answer and the granting of the default judgment, and the experience and understanding of the defendant with respect to litigation matters. Id.
 {¶ 18} Similar to this case, the defendant in Scotlad Foods,Inc. v. Bryant (Oct. 25, 1995), 2d Dist. No. 95-CA-2, alleged that he had a meritorious defense for purposes of Civ.R. 60(B) in that the plaintiffs sued the wrong person. For reasons that are distinguishable from the instant case, the court found that the defendant had not set forth a meritorious defense. Nevertheless, the court applied the second prong of the GTE test and concluded that the defendant was not entitled to relief under Civ.R. 60(B) because of inexcusable neglect. There, defendant never filed a responsive pleading, and after a default judgment was entered against him, the defendant waited almost five years before filing a motion for relief from judgment.
 {¶ 19} A party must clearly express an intention and purpose to defend the suit in order to make an appearance within the meaning of Civ.R. 55(A). See Median Supply Co., Inc. v. Dig ItFoundations, Ltd., 9th Dist. No. 20685, 2002-Ohio-1500. "While the term "appearance" is generally understood to `impl[y] some sort of presentation or submission to the court in which the action is pending,' the term is also reasonably construed to apply to informal correspondence between parties or the court as well, as long as the purpose of the communication is to show an intent to defend the lawsuit." Holthaus Elevator, Inc. v.Siegel, 3d Dist. No. 17-03-18, 2004-Ohio-1050, citing HywayLogistics Services, Inc. v. Ashcraft, 3d Dist. No. 5-99-40, 2000-Ohio-1620.
 {¶ 20} Ohio courts, in construing the notice provisions of Civ.R. 55(A), have liberally interpreted the term "appeared." InSuki v. Blume (1983), 9 Ohio App.3d 289, the court held that a defendant who is in default for failure to answer, but who has filed an untimely answer without approval of the court, has entered an appearance. See, e.g., Baines v. Harwood (1993), 87 Ohio App.3d 345(a telephone call is sufficient to satisfy the appearance requirement of Civ.R. 55); Hardware Supply Co. v.Edward Davidson, M.D., Inc. (1985), 23 Ohio App.3d 145 (filing of motion to file answer instanter or motion for extension to plead constitutes appearance); AMCA Internatl. Corp. v.Carlton, supra (filing notice of appeal with the common pleas court pursuant to R.C. 4123.519 constitutes appearance sufficient to receive the required notice of the hearing date of the default judgment).
 {¶ 21} Here, the complaint was filed on April 8, 2005. The record shows that appellant was served the complaint on April 18, 2005. Appellant swore under oath that after receiving the complaint he repeatedly attempted to contact appellee's attorney by phone. It is undisputed that appellant's phone messages were never returned. Appellee's motion for default judgment was filed and granted on May 17 or the twenty-ninth day after appellant had been served. While it is true that appellant's response was untimely filed on May 19, it must be recognized that appellant then wasted little time in retaining counsel as he was advised to do by he trial judge. Unlike the Scotlad case, appellant's motion for relief from judgment was filed approximately two months after service of the complaint. The totality of these facts demonstrate an intent on the part of appellant to "appear" for purposed of Civ.R. 55. In light of these facts and mindful of the principle that the law generally disfavors default judgments,Suki v. Blume, supra, we find that appellant is entitled to relief from judgment based on excusable neglect. See Civ.R. 60(B)(1). We further find that appellant has satisfied the third prong of the GTE test in that his motion was filed within a reasonable time. Accordingly, the trial court abused its discretion in denying appellant's Civ.R. 60(B) motion for relief from judgment. Appellant's three assignments of error are well-taken.
 {¶ 22} On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Fulton County Court, Western District, is reversed and remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Skow, J. concur.