[Cite as *Accettola v. Big Sky Energy, Inc.*, 2014-Ohio-1340.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| LORRIE J. ACCETTOLA, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2012-A-0049** |
| BIG SKY ENERGY INC., et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2012 CV 220.

Judgment: Affirmed.

*Jerome A. Lemire*, 531 Beech Street, P.O. Box 346, Jefferson, OH 44047; and *Robert S. Wynn*, 7 Lawyers Row, P.O. Box 346, Jefferson, OH 44047 (For Plaintiffs-Appellees).

*Gino Pulito* and *Kathleen M. Amerkhanian*, Pulito & Associates, 230 Third Street, Suite 200, Elyria, OH 44035 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Big Sky Energy Inc. ("Big Sky"), appeals the judgment entered by the Ashtabula County Court of Common Pleas denying Big Sky's motion to vacate the trial court's prior default judgment entry. The default judgment awarded to appellees, Lorrie J. Accettola and Lori D. Accettola, terminated Big Sky's interest in an oil and gas lease that encumbered the Accettolas' property. For the reasons that follow, the judgment of the trial court is affirmed.

{¶2} In 1975, a lease concerning gas and oil rights was executed and recorded. The lease governed 72 acres, of which approximately 23.5 acres are now owned by the Accettolas. Under the lease agreement, Big Sky was to provide gas for the Accettolas' home and pay royalties for any oil or gas obtained from the well. If no oil or gas was obtained, Big Sky was to make rent payments.

{¶3} On March 21, 2012, the Accettolas filed a complaint in the Ashtabula County Court of Common Pleas seeking to have the lease terminated. On March 28, 2012, Big Sky was served with the complaint by certified mail at its statutory address. A copy of the complaint was also emailed to Big Sky's attorney on April 13, 2012.

{¶4} In April 2012, the Accettolas issued interrogatories and discovery requests to Big Sky via regular mail. Big Sky did not respond to the Accettolas' requests.

{¶5} On May 1, 2012, a week after Big Sky's answer was due, the Accettolas filed a motion for default judgment. This motion was not served on Big Sky. On May 8, 2012, nearly two weeks after Big Sky's answer was due, the trial court granted the Accettolas' motion for default judgment. Later that same day, Big Sky's counsel filed a motion for leave to file an answer instanter.

{¶6} On May 21, 2012, Big Sky filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1) and (5). On August 3, 2012, the trial court held a hearing on Big Sky's Civ.R. 60(B) motion. Big Sky's motion was denied by the trial court in a September 27, 2012 judgment.

{¶7} Big Sky appeals from the denial of its Civ.R. 60(B) motion. Big Sky sets forth one assignment of error, which states:

2

**{¶8}** "The trial court abused its discretion in denying Defendant-Appellant's Motion for Relief from Judgment pursuant to Ohio Civ. R. 60(B)."

**{¶9}** We review a trial court's decision to grant or deny a Civ.R. 60(B) motion for abuse of discretion. *QualChoice, Inc. v. Baumgartner*, 11th Dist. Trumbull No. 2007-T-0086, 2008-Ohio-1023, ¶8. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

**{¶10}** Under its sole assignment of error, Big Sky presents three issues for review and argument:

> 1. Where Defendant-Appellant presented 'operative facts' demonstrating an inadvertent miscalculation of an Answer date, and Defendant-Appellant attempted to file an Answer less than two weeks after the Answer due date, did the trial court abuse its discretion when it ruled that Defendant-Appellant failed to establish "excusable neglect" under Ohio Civ.R. 60(B)(1)?
>
> 2. Where Big Sky presented numerous defenses through testimony, presenting multiple triable issues of fact, did the trial court abuse its discretion in finding that Big Sky had no 'meritorious defenses'?
>
> 3. Where the parties and their representatives had multiple interactions and conversations prior to the institution of the lawsuit, did Defendant-Appellant 'appear' in the case so as to invoke the notice requirements of Ohio Civ.R. 55(A), thus entitling Defendant-Appellant to relief under Ohio Civ.R. 60(B)(5)?

**{¶11}** We first address appellant's third issue regarding whether Big Sky made an appearance in the case so as to invoke the notice requirements of Civ.R. 55(A). Civ.R. 55(A) states, in relevant part: "If the party against whom judgment by default is sought has *appeared* in the action, he (or, if appearing by representative, his

3

representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." (Emphasis added.)

**{¶12}** Ohio courts have liberally interpreted the term "appeared" as it applies to Civ.R. 55(A). *Rocha v. Salsbury*, 6th Dist. Fulton No. F-05-014, 2006-Ohio-2615, ¶20. For example, several appellate districts have held that a party "makes an appearance in an action under Civ.R. 55(A) when the party clearly expresses to the opposing party an intention and purpose to defend the suit, regardless of whether a formal filing is made." *Johnson v. Romeo*, 7th Dist. Mahoning No. 06 MA 4, 2006-Ohio-7073, ¶19. In *Johnson*, the court held that a letter to opposing counsel disputing the allegations of the complaint was sufficient to establish an appearance by the party in the action. *Id.* at ¶20. Similarly in *Rocha*, the court found that the party against whom default judgment was entered made an appearance through communication with opposing counsel that clearly demonstrated an intent to defend the suit. *Rocha* at ¶21.

**{¶13}** On the other hand, some courts have held that a party must "at least contact the court" in order to have appeared in an action for purposes of triggering the notice and hearing requirements of Civ.R. 55(A). *Walton Constr. Co. v. Perry*, 1996 Ohio App. LEXIS 4647, *4 (2d Dist.1996). We find this reasoning more persuasive, as the language of Civ.R. 55 suggests court involvement. A party "appears" before the court, not before the opposing party. *See, e.g.*, *Hicks v. Extended Family Concepts*, 5th Dist. Stark Nos. 2010CA00159 & 2010CA00183, 2011-Ohio-3227. In *Hicks*, the court held that no appearance was made by the appellant when the appellant called the opposing attorney on two occasions and efforts were underway to settle the case. *Id.* at

4

¶33. The court in *Hicks* reasoned that the "efforts to settle the case, did not demonstrate a clear intent to defend." *Id.*

{¶14} Big Sky argues that it appeared in this case because it had corresponded with the Accettolas before the complaint was filed. In these communications, the Accettolas sought increased production from the wells or, alternatively, that Big Sky pay the rent required by the lease. However, these communications were never made to the court and were made *before* the complaint was filed. As such, Big Sky never made an appearance before the court. Although the Accettolas sent Big Sky a copy of the complaint, there was no further communication to the Accettolas' counsel or the court indicating Big Sky would be defending the suit. Furthermore, Big Sky did not make any filing between the time the Accettolas filed their motion for default and the court's ruling on it a week later. Accordingly, we conclude that Big Sky did not make an appearance to trigger the notice requirement in Civ.R. 55(A).

{¶15} Next, under Big Sky's first and second issues, we review the trial court's judgment denying Big Sky's motion pursuant to Civ.R. 60(B)(1) and (5). Civ.R. 60(B) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time * * *.

{¶16} This court has previously explained the purpose of Civ.R. 60(B) in *Waterfall Victoria Master Fund v. Yeager*, 11th Dist. Lake No. 2012-L-071, 2013-Ohio-3206, ¶10:

5

> Civ.R. 60(B) provides parties with an equitable remedy requiring a court to revisit a final judgment and possibly afford relief from that judgment when in the interest of justice. *In re Edgell*, 11th Dist. No. 2009-L-065, 2010-Ohio-6435, ¶52. It is a curative rule which is to be liberally construed with the focus of reaching a just result. *Hiener v. Moretti*, 11th Dist. No. 2009-A-0001, 2009-Ohio-5060, ¶18. "Moreover, Civ.R. 60(B) has been viewed as a mechanism to create a balance between the need for finality and the need for 'fair and equitable decisions based upon full and accurate information.'" *Id.*, quoting *In re Whitman*, 81 Ohio St.3d 239, 242 [(1998)].

{¶17} In order to prevail on a Civ.R. 60(B) motion, the moving party must satisfy all three prongs of the governing standard. *Denittis v. Aaron Constr., Inc.*, 11th Dist. Geauga No. 2011-G-3031, 2012-Ohio-6213, ¶26. Thus, relief can only be granted when the moving party has shown that (1) it is entitled to relief under one of the five possible grounds stated in Civ.R. 60(B); (2) it has a meritorious claim or defense; and (3) the motion was filed in a timely manner. *See*, *e.g.*, *Fouts v. Weiss-Carson*, 77 Ohio App.3d 563, 565 (11th Dist.1991).

{¶18} In this case, there is no dispute that Big Sky's motion was filed in a timely manner. Big Sky filed its Civ.R. 60(B) motion soon after the trial court granted default judgment. Thus, Big Sky satisfied one of the three prongs required by Civ.R. 60(B). However, Big Sky failed to satisfy the other two required prongs: Big Sky failed to establish either that it was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5) or that it had a meritorious defense.

{¶19} The moving party has the burden to demonstrate by operative facts a prima facie case of excusable neglect. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20-21 (1988). All surrounding facts and circumstances must be considered when determining whether neglect is excusable or inexcusable. *Griffey v. Rajan*, 33 Ohio St.3d 75, 79 (1987), citing *Colley v. Bazell*, 64 Ohio St.2d 243, 249 (1980). Although

6

often described as elusive of definition, inexcusable neglect has been described as conduct that falls substantially below what is reasonable. *State ex rel. Weiss v. Indus. Comm.*, 65 Ohio St.3d 470, 473 (1992). For example, courts have declined to grant relief from judgment upon excusable neglect "if the party or his attorney could have controlled or guarded against the happening of the special or unusual circumstance." *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 536 (4th Dist.1997), citing, *e.g.*, *Griffey*, *supra*.

{¶20} Here, Big Sky argues the excusable neglect was a calendaring error made by its attorney. In an affidavit, Big Sky's attorney states he was first made aware of the complaint when he received a copy by email on April 13, 2012. The complaint that was emailed to Big Sky's attorney was not time stamped. Despite this, Big Sky's attorney did not check the docket to see when the answer was due until he received a phone call from Big Sky's president, Robert Barr, on May 7, 2012. By this point, the answer was already nearly two weeks past due. The following morning, counsel for Big Sky hand-delivered to the trial court its motion to file its answer instanter.

{¶21} When viewed in its entirety, Big Sky's conduct did not constitute excusable neglect. There was incontrovertible evidence that the complaint was properly filed and served on Big Sky and was also emailed to Big Sky's attorney. Without the assertion of more detailed facts, the decision not to act on the matter until Mr. Barr's phone call on May 7, 2012, after the answer was due, is not excusable negligence. Indeed, counsel for Big Sky did not inquire into the matter until 24 days after the matter was initially brought to his attention. As the trial court found, Big Sky "does not assert any operative

facts explaining to the trial court how his scheduling oversight amounted to 'excusable neglect.'" Big Sky failed to support its claim of excusable neglect.

{¶22} Furthermore, Big Sky's conduct is distinguishable from the *Colley* case, which Big Sky relied on in its brief in support of its Civ.R. 60(B) motion. In that case, the appellee filed a legal malpractice claim against the appellant. The appellant was served with the complaint, and the appellant then sent a certified letter to his insurer. The appellant also outlined his defenses and told his insurer when the answer was due. However, the letter did not reach the insurance carrier until the same day that default judgment was entered. The delay of the letter in *Colley* was not attributable to the actions of the appellant, but rather due to some error with the mail carrier.

{¶23} Here, Mr. Barr and Big Sky's counsel knew of the complaint and had more than sufficient time to respond, had they acted with due care. As such, Big Sky was unable to demonstrate that its conduct in this case amounted to excusable neglect. Accordingly, the trial court did not abuse its discretion in overruling Big Sky's Civ.R. 60(B) motion.

{¶24} Even though Big Sky's Civ.R. 60(B) motion was properly overruled due to Big Sky's failure to show excusable neglect, we address, for the sake of argument, whether Big Sky established sufficient facts to constitute a meritorious defense. We find that Big Sky did not.

{¶25} Big Sky's brief in support of its Civ.R. 60(B) motion stated that meritorious defenses were set forth in Big Sky's answer to the complaint. The defenses laid out in Big Sky's answer include the following:

> 11. Plaintiffs' Complaint fails to state a claim upon which relief may
> be granted.

8

12. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and laches.

13. Plaintiffs' claims are barred by the doctrines of acquiescence, waiver, estoppels and ratification.

14. Plaintiffs' Complaint fails to name indispensable parties as required by Civil Rule 19 and, accordingly, must be dismissed.

**{¶26}** More generally, Big Sky argued it would prevail under the terms of the lease had there not been a default judgment. At the hearing on the Civ.R. 60(B) motion, Big Sky presented testimony from Mr. Barr and entered into evidence the oil and gas lease at issue.

**{¶27}** "In order to establish a meritorious claim or defense under Civ.R. 60(B), the movant is required to allege a meritorious claim or defense, not to prove that she will prevail on such claim or defense." *Aurora Loan Services, LLC v. Wilcox*, 2d Dist. Miami No. 2009 CA 9, 2009-Ohio-4577, ¶14. A meritorious defense is one that goes to the merit, substance, or essentials of the case. *Wayne Mut. Ins. Co. v. Marlow*, 2d Dist. Montgomery No. 16882, 1998 Ohio App. LEXIS 2378 (June 5, 1998), citing *Black's Law Dictionary* 290 (6th Ed.1991). Furthermore, the claim or defense must be supported by operative facts that would warrant relief from judgment. *French v. Gruber*, 11th Dist. Ashtabula No. 2005-A-0015, 2006-Ohio-1167, ¶25. "Broad, conclusory statements do not satisfy the requirement that a Civ.R. 60(B) motion be supported * * *." *Wilcox* at ¶14, citing *Cunningham v. Ohio DOT*, 10th Dist. Franklin No. 08AP-330, 2008-Ohio-6911, ¶37.

**{¶28}** The trial court found that Big Sky did not establish sufficient operative facts such that it could defend the action. Big Sky's brief in support of its motion for

relief argued that, under the terms of the oil and gas lease, "Big Sky would prevail on its defenses." However, this broad language was unsupported by evidence. At the trial court's hearing on appellant's Civ.R. 60(B) motion, Big Sky argued that the Accettolas violated the notice requirement of the oil and gas lease. However, Big Sky was unable to show where this notice provision was in the lease and how the Accettolas had violated it. Mr. Barr also testified at the hearing about the Accettolas returning rent payments. The return of rent payments is not sufficient to show that Big Sky had a meritorious defense. The language contained within the oil and gas lease does not support any meritorious defense that could be relied on by Big Sky. As such, Big Sky also failed to meet the requirement of Civ.R. 60(B) that Big Sky establish a meritorious claim or defense.

{¶29} As appellant was unable to satisfy the requirements of Civ.R. 60(B), appellant's sole assignment of error is without merit. The judgment of the Ashtabula County Court of Common Pleas, denying Big Sky's motion for relief from judgment, is affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

{¶30} I agree the trial court correctly denied Big Sky relief from judgment in this case. However, I disagree with the majority's extended analysis. The principal defense

10

offered by Big Sky in support of its motion was that the subject lease contained a notice provision, requiring the Accettolas to inform Big Sky if they believed the latter had missed payment of royalties or rental. As the trial court found, no such provision appears in the lease. I would not extend the Civ.R. 60(B) analysis in this case any further: I believe the majority's discussion of whether Big Sky's conduct constituted excusable neglect under the rule is unnecessary.

{¶31} I further disagree with the majority's view that the term "appeared," as used in Civ.R. 55(A), implies court involvement in order for a party to benefit from the notice provision of that rule. As the Twelfth Appellate District has observed:

{¶32} "Generally, the law disfavors default judgments. *Suki v. Blume* (1983), 9 Ohio App.3d 289, * * *. The general policy in Ohio is to decide cases on their merits whenever possible. *Natl. Mut. Ins. Co. v. Papenhagen* (1987), 30 Ohio St.3d 14, 15, * * *. In *AMCA Internatl. Corp. v. Carlton* (1984), 10 Ohio St.3d 88, * * *, the Ohio Supreme Court held that a party who filed a notice of appeal from an order of the Industrial Commission and conducted a telephone conversation with the moving party's counsel with regard to a default judgment motion made opposing counsel sufficiently aware of the party's intention to defend. These actions were held to constitute an appearance, and the party was accordingly entitled to the seven-day notice required by Civ.R. 55(A).

{¶33} "The court in *AMCA* recognized that *the notice requirement of Civ.R. 55 is a device intended to protect parties who have failed to appear in a formal sense by timely filing a pleading*, but have otherwise indicated to the moving party a clear purpose to defend the suit. Such an interpretation is consistent with the policy underlying the modernization of the Civil Rules to abandon or relax restrictive rules that

11

prevent hearing cases on their merits. *AMCA, supra*, at 91, * * *. See, also, *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, * * *." (Emphasis added.) (Parallel citations omitted.) *Baines v. Harwood*, 87 Ohio App.3d 345, 347 (12th Dist.1993).

{¶34} Thus, in *Baines*, the Twelfth District reversed a grant of default judgment against appellants, whose counsel discussed, over the phone, a possible settlement with appellee prior to the filing of the motion for default judgment. *Id.* at 346. *See also QualChoice, Inc. v. Baumgartner*, 11th Dist. Trumbull No. 2007-T-0086, 2008-Ohio-1023, ¶15 (defendant who failed to answer complaint entitled to relief from default judgment pursuant to Civ.R. 60(B)(5) since she appeared at the default hearing); *Rocha*, *supra*, at ¶20 (collecting cases).

{¶35} In this case, there were negotiations between the parties and their counsel prior to the initiation of the action; the Accettolas' counsel sent a courtesy copy of the complaint and discovery to counsel for Big Sky; Big Sky moved to file an answer instanter the same day as the trial court entered default judgment. This was sufficient to make it clear that Big Sky intended to defend. Consequently, it had appeared in the case, and was entitled to notice of the motion for default judgment, pursuant to Civ.R. 55(A). We should not restrict the application of remedial rules which the Supreme Court of Ohio has interpreted liberally.

{¶36} I respectfully concur in judgment only.

12