[Cite as *GMAC Mtge., L.L.C. v. Blazetic*, 2014-Ohio-5617.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**


| | | |
|---|---|---|
| GMAC MORTGAGE, LLC, SUCCESSOR BY MERGER TO GMAC MORTGAGE CORPORATION, | : | **O P I N I O N** |
| | : | |
| | | **CASE NO. 2014-L-066** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| DAVID G. BLAZETIC, et al., | : | |
| Defendant-Appellant. | : | |


Civil Appeal from the Lake County Court of Common Pleas, Case No. 09 CF 000872.

Judgment: Affirmed.


*Adam R. Fogelman,* Lerner, Sampson & Rothfuss, L.P.A., 120 East Fourth Street, 8th Floor, P.O. Box 5480, Cincinnati, OH 45201-5480 (For Plaintiff-Appellee).

*David N. Patterson,* 33579 Euclid Avenue, Willoughby, OH 44094-3199 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, David G. Blazetic, appeals from the judgment of the Lake County Court of Common Pleas denying his motion for relief from the trial court's entry of judgment, filed pursuant to Civ.R 60(B). For the reasons discussed in this opinion, we affirm the trial court.

{¶2} On April 18, 1999, appellant executed a note in favor of Charter One Mortgage Corp. in the amount of $144,500. The note was secured by a mortgage

executed on the same date to Charter One Mortgage Corp. The mortgage encumbered real property formerly owned by appellant, located at 9860 Weathersfield Dr., Concord Township, Ohio 44060. It was properly recorded in the Lake County Recorder's Office. Charter One Mortgage Corp. subsequently assigned the note and mortgage to GMAC Mortgage Corporation. When GMAC Mortgage Corporation merged with appellee, appellee became the holder of the note and mortgage.

{¶3} On January 11, 2007, after appellant defaulted in his payments, appellee filed a complaint in foreclosure. In September 2007, appellant executed a loan modification agreement, modifying the original note. As a result, the parties filed a joint voluntary dismissal of the action. Appellant, however, again defaulted on the modified loan agreement. In July 2008, appellee filed its second complaint in foreclosure. The defaulted loan, however, was reinstated and appellee voluntarily dismissed the second action.

{¶4} In March 2009, after a third default, appellee filed its third complaint in foreclosure. Service was perfected, but appellant neither filed an answer nor otherwise made an appearance. As a result, in May 2009, appellee filed a motion for default judgment. On June 30, 2009, the trial court granted the motion for default judgment and entered judgment in appellee's favor on its complaint in foreclosure. The property was appraised and an order of sale was issued. Prior to the sale, appellant filed a notice of bankruptcy, pursuant to Title 7 of the United States Code, and the trial court filed a judgment withdrawing the order of sale. The matter was stayed pending the resolution of appellant's bankruptcy.

{¶5} In January 2013, the stay was terminated. The property was reappraised and a new order of sale was issued. In September 2013, however, appellant filed

2

another notice of bankruptcy, pursuant to Chapter 13 of the United States Code. The trial court again entered a stay pending the resolution of the bankruptcy matter. After the United States Bankruptcy Court dismissed appellant's Chapter 13 proceeding, appellee moved the court to reactivate the underlying proceeding. The court granted the motion and a third order for sale was issued.

{¶6} In March 2014, appellant filed a motion to set aside the trial court's order granting appellee default judgment issued on June 30, 2009. Appellant argued he was entitled to relief from judgment pursuant to Civ.R. 60(B)(4) and/or (5). As a basis, appellant maintained the note was not properly assigned to appellee and, thus, he possessed a meritorious defense. Appellant further argued the judgment was unjust because, pursuant to Civ.R. 41(A), appellee's third complaint was barred by the double-dismissal rule. He also claimed he should be granted relief because he did not receive notice of the hearing on appellee's motion for default judgment. Finally, appellant asserted he should be granted relief from the default judgment because, if analyzed under a Civ.R. 56 standard, there were genuine issues of material fact that should be litigated on the merits of appellee's complaint.

{¶7} In its memorandum in opposition, appellee argued appellant's motion was neither timely, nor was the purported defense he asserted meritorious. Appellee further argued its third complaint was not barred by the double-dismissal rule because the original dismissal was entered pursuant to a mortgage modification agreement which changed the terms of the original contract. Consequently, appellee asserted, the second and third complaints were premised upon a different agreement than the first complaint. Appellee additionally noted that appellant was properly served with notice of its motion for default judgment, but voluntarily elected to do nothing.

3

{¶8} On May 14, 2014, the magistrate denied appellant's motion for relief from judgment. The magistrate, inter alia, determined appellant's motion failed to set forth sufficient operative facts to establish he possessed a meritorious defense to the third complaint. Moreover, the magistrate reasoned that appellant failed to adequately address why it took him nearly five years to file his motion for relief. Thus, the magistrate concluded, the motion was untimely.

{¶9} Appellant filed timely objections to the decision. And, on June 16, 2014, finding no error of law or other defect, the trial court adopted the magistrate's decision in its entirety. Appellant now appeals and assigns three errors for this court's review.

{¶10} Before addressing appellant's assignments of error, we first point out that appellant, in his brief, fails to address the specific stated basis underlying the trial court's denial of his motion for relief from judgment; namely, that he failed to provide sufficient justification for the near-five-year delay in filing the motion. The Ohio Supreme Court has held:

> {¶11} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec. Inc. v. ARC Industries, Inc*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

4

{¶12} "If any one of the aforementioned requirements is not satisfied, the motion is properly overruled." *Sokol v. HMDG, LLC*, 11th Dist. Geauga No. 2012-G-3117, 2013-Ohio-3476, ¶13.

{¶13} The magistrate's decision, adopted by the trial court, found appellant did not file his motion within a reasonable time. In effect, the court concluded that requirement was not satisfied. Appellant, on appeal, does not specifically address this determination. Appellant's failure to contest the foundation of the trial court's judgment is sufficient basis for affirming the lower court's ruling. In the interest of a comprehensive analysis, however, we shall consider the merits of appellant's assigned errors. His first assignment of error asserts:

{¶14} "The trial court erred to the prejudice of the appellant by entering judgment in favor of the appellee and denying the motion to set aside as the decree of foreclosure is void pursuant to Civil Rule 41, Revised Code Section 2305.19, and the legal doctrine of res judicata."

{¶15} Appellant asserts the trial court erred in failing to grant his Civ.R. 60(B) motion because appellee's third complaint was barred by the doctrine of res judicata pursuant to the double-dismissal rule. Appellant asserts each of the complaints were premised upon the same nucleus of operative facts and therefore the third complaint was a nullity. We do not agree.

{¶16} The double dismissal rule is set forth in Civ.R. 41(A)(1). It provides:

{¶17} Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

5

**{¶18}** (a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

**{¶19}** (b) filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that *a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.* (Emphasis added.)

**{¶20}** The Supreme Court of Ohio has discussed the application of the double-dismissal rule to foreclosure actions. In *U.S. Bank Natl. Assn. v. Gullotta*, 120 Ohio St.3d 399, 2008-Ohio-6268, the Court observed:

**{¶21}** Civ.R. 41(A) would not apply to bar a third claim if the third claim were *different* from the dismissed claims. As the court in *EMC*[*Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799 (10th Dist.)] pointed out, there are examples from Ohio courts where successive foreclosure actions were indeed considered to be different claims. In those cases, however, the underlying agreement had significantly changed or the mortgage had been reinstated following the earlier default. In *Aames Capital Corp. v. Wells,* 9th Dist. Summit No. 20703, 2002-Ohio-1498, (Apr. 3, 2002), the mortgagor argued that res judicata barred a second foreclosure action on the same note and mortgage. In the first foreclosure

6

action, the trial court had ruled against the mortgagee and required it to reinstate the note and mortgage. The mortgagee filed its second foreclosure action when the mortgagor failed to make payments on the *reinstated* note. The court in *Aames* held, "As the bases for the two complaints were different, the present action is not barred by res judicata." *Aames*[, *supra*]. (Emphasis sic.) *Gullotta, supra*, at ¶33.

{¶22} In the instant matter, appellee argued that the first complaint was dismissed after the parties entered a loan modification agreement in which appellant agreed to pay a principal balance different from the amount to which appellee claimed entitlement. According to appellee, the mortgage was subsequently reinstated with different terms. Appellee consequently maintained the modification of the loan represented a different contractual obligation than the mortgage on which appellee sought foreclosure in its initial complaint.

{¶23} At no point in the proceedings did appellant contest that the loan was modified; moreover, appellant provided no argumentation to support a conclusion that the modification did not change and reinstate the mortgage after his default. To the extent there is nothing in the record to contradict appellee's position, we agree with the magistrate's determination on this issue; to wit, that the second and third complaints were premised upon different claims than the claim in the first action. Accordingly, the double-dismissal rule was not implicated in this matter and the trial court did not err in adopting the magistrate's analysis of this point.

{¶24} Appellant's first assignment of error lacks merit.

{¶25} Appellant's second assignment of error provides:

7

{¶26} "The trial court erred to the prejudice of the appellant by entering judgment in favor of the appellee and denying the motion to set aside as the appellee failed to proffer competent, credible evidence to properly and sufficiently establish standing and that it was the real party in interest."

{¶27} Appellant asserts, under his second assigned error, that the trial court erred in adopting the magistrate's decision because there was insufficient evidence to establish appellee had standing as a real party in interest. And, appellant contends, appellee's alleged lack of standing compromised the subject-matter jurisdiction of the trial court. Appellant therefore maintains he was entitled to relief from judgment. We do not agree.

{¶28} Recently, in *Bank of America, N.A. v. Kuchta*, ___ Ohio St.3d ___, 2014-Ohio-4275, the Ohio Supreme Court held that, "[a]lthough standing is required in order to invoke the jurisdiction of the court of common pleas over a particular action, lack of standing does not affect the subject-matter jurisdiction of the court." *Id.* at paragraph three of the syllabus. Furthermore, the Court held, "[l]ack of standing is an issue that is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment in foreclosure." *Id.* at paragraph two of the syllabus.

{¶29} In this matter, appellant conflates standing with subject-matter jurisdiction; moreover, appellant attempted to collaterally attack the default judgment in foreclosure by way of a motion for relief from judgment. Pursuant to *Kuchta*, appellant's substantive argument is misplaced and he utilized a non-cognizable means to challenge the judgment in foreclosure. His position is therefore without merit.

{¶30} Appellant's second assignment of error is not well taken.

{¶31} Appellant's third assignment of error provides:

8

{¶32} "The trial court erred to the prejudice of the appellant by granting and upholding the default judgment without providing proper, constitutional notice of hearing and opportunity to the appellant to be heard and defend the matter."

{¶33} Appellant asserts his motion for relief from judgment should have been granted because he did not receive notice of the hearing. Appellant asserts, in a conclusory fashion, that he made an appearance and thus he was entitled to notice of the hearing on appellee's motion for default judgment, pursuant to Civ.R. 55(A). We do not agree.

{¶34} Civ.R. 55(A) provides, in relevant part: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." Appellant contends, in his brief, that he was "in contact with the Appellee regarding the foreclosure and resolution thereof, which triggers notice rights." Appellant, however, fails to identify the manner in which he was in contact with appellee and thus fails to provide any specific basis for his contention that he "appeared in the action."

{¶35} Ohio courts have liberally interpreted the concept of "appearance" vis-à-vis Civ.R. 55(A). *Accettola v. Big Sky Energy Inc.*, 11th Dist. Ashtabula No. 2012-A-0049, 2014-Ohio-1340, ¶13. On one hand, courts have noted a party makes an appearance when the party "clearly expresses to the opposing party an intention and purpose to defend the suit, regardless of whether a formal filing is made." *Johnson v. Romeo*, 7th Dist. Mahoning No. 06 MA 4, 2006-Ohio-7073, ¶19; *see also Rocha v. Salsbury*, 6th Dist. Fulton No. F-05-014, 2006-Ohio-2615, ¶20. Alternatively, some courts have determined a party must "at least contact the court" in order to appear for

9

purposes of Civ.R. 55(A). *Walton Constr. Co. v. Perry*, 2d Dist. Montgomery No. 15707, 1996 Ohio App. LEXIS 4647, *4 (Oct. 25, 1996); *see also Hicks v. Extended Family Concepts*, 5th Dist. Stark Nos. 2010CA00159 & 2010CA00183, 2011-Ohio-3227. In *Accettola*, *supra*, this court found the latter conception more persuasive because "the language of Civ.R. 55 suggests court involvement." *Id.* at ¶13.

{¶36} In this case, there is no indication appellant met either conception of "appearing" for Civ.R. 55(A) purposes. Nothing in the record suggests appellant either (1) contacted the court at any time after appellee filed the complaint or (2) evinced some intention to defend the suit. We therefore hold appellant was not entitled to notice pursuant to Civ.R. 55(A).

{¶37} Appellant's final assignment of error lacks merit.

{¶38} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.